JOHN A. METCALF, Appellant, *v.* MOSES S. EDMISTON *et al.*, Appellees.

APPEAL FROM EDGAR.

If the answer to a bill of discovery is offered in evidence, it should be embodied in the bill of exceptions.

If exception is not taken, on the trial, to the introduction of evidence, error cannot be assigned for it.

THIS was an action of assumpsit, brought by John A. Metcalf against Edmiston and Kramer, to recover about $2,500 for hogs, sold and delivered to the defendants.

The declaration contains the common counts, to which the general issue is pleaded under oath.

A jury was waived, and the case tried by the court.

The court rendered judgment for defendants for costs.

The plaintiff moved for a new trial, which was overruled, and an appeal taken to this court.

The following errors are assigned:

1.    The judgment of the court is contrary to the law and evidence.

2.    The court erred in admitting in evidence the books of the railroad company.

3.    The court erred in admitting the deposition of McWhinny.

4.    The court erred in holding, that when one furnished the capital, another his labor and time, and divided profits, that it does not constitute a partnership.

5.    The court erred in deciding that the plaintiff could not recover against said defendants, under the common counts.

A. GREEN, for Appellant.

JOHN P. USHER, for Appellees.

CATON, C. J.    The answer to the bill of discovery was not offered in evidence, and is not in the bill of exceptions, and is not properly a part of this record.

No exception was taken to the decision of the court, admitting the railroad books in evidence, to show what ·hogs were shipped by rail, and consequently that decision cannot be assigned for error. There was no error in admitting the deposition of McWhinny in evidence. In our opinion, the evidence in the bill of exceptions fails to show that this note was given by Edmiston, for hogs purchased on joint account for himself and Kramer, or that Kramer was interested in the hogs purchased of the plaintiff, and the judgment must be affirmed.

*Judgment affirmed.*