## EDMUND S. HOLBROOK
### *v.*
## JOHN NICHOL, AND BENJAMIN S. PRETTYMAN.

36   161
210  11432

1.   SECONDARY EVIDENCE — *copies of instruments — seals.*   In recording an instrument to which an official seal is attached, the impression of the device of the seal cannot be transferred from the instrument to the record by the officer making the record; so it is only necessary he should, in some appropriate mode, indicate that a seal was affixed.

2.   And when the letters "L. S.," the word "seal," or a scroll, is employed for that purpose, it is sufficient.

3.   And in making a certified copy of such an instrument, if the seal is represented in the manner indicated, it will be held to answer the requirements of the law.

4.   SAME — *effect of producing two papers purporting to be copies of the same instrument, but differing.*   The mere production by the respective parties to a suit, of two papers, both certified by the proper officer to be copies from the record, will not establish either as the true copy, when to one is attached the letters "L. S.," to represent an official seal connected with the instrument, and in the other those letters are omitted.   It is a proper question for the jury, in such a case, to determine, from all the evidence, which is the true copy.

5.   EVIDENCE — *its sufficiency.*   Proof that the letters "L. S." were placed upon one of the copies after such copy was made, would not establish the fact that it was the spurious copy.

6.   Not even if the letters were placed there by a party in interest, as the officer certifying the copy may have authorized him to do so.

7.   SAME — *erasures and interlineations of copies.*   Where erasures and interlineations appear in a certified copy of an instrument, it does not afford sufficient ground for refusing to admit the copy in evidence.   It may be that they were made by the copyist, to conform to the record.

8.   And it seems, if the erasures do not affect the sense of the instrument, they will be regarded as unimportant, though the words erased appear in the original.

9.   ERROR — *admission of immaterial evidence.*   The admission of testimony which proves nothing, is not material to the issue, and not calculated to mislead the jury, will not be ground of reversal.

10.   SAME — *must work injury.*   The appellate court will look into and correct only such errors appearing upon the record as may have worked prejudice to the rights of the parties.

11.   POWERS OF ATTORNEY *for the conveyance of land — of their acknowledgment before a notary public, under acts of* 1827 *and* 1829 — *construction of statutes.*   An

amendment of a statute will operate precisely as though the subject-matter of the amendment had been originally incorporated in the statute amended, as regards any action had after the amendment is made.

12. So, the ninth section of the act of 1827 authorized certain officers to take acknowledgments of deeds, etc., not naming notaries public; the sixteenth section of the same act required powers of attorney for the conveyance of land, to be acknowledged in the same manner as deeds were required to be authenticated by that act  As the law thus stood, it would seem a notary public could not take the acknowledgment of such a power of attorney.  But the act of 1829, amendatory of the act of 1827, provided that deeds for the conveyance of lands might be acknowledged before notaries public.  Therefore, after the passage of the act of 1829, a power of attorney authorizing the conveyance of land might properly be acknowledged before a notary public.

13. DEEDS *acknowledged before justices of the peace — certificate of official character of the justice.*  To entitle a deed to be recorded, when acknowledged before a justice of the peace in this State, it must be accompanied by a certificate of the clerk of the County Court, that the officer taking the acknowledgment was an acting justice of the peace.  But if the deed is acknowledged before a justice in the county where the lands are situate, no such certificate is required.

14. EVIDENCE — DEEDS — *when admissible.*  When a deed has been acknowledged or proved in such manner as to be entitled to record, it is admissible in evidence without other proof of its execution.

15. So where a deed for the conveyance of lands was acknowledged before a justice of the peace in the county in which the lands were situate, it is admissible in evidence without the certificate of the county clerk of the official character of the justice.

16. Nor is the admissibility of such a deed, in evidence, confined to the county in which the lands lie.  If a cause be removed from that county to another, upon change of venue, the rule of evidence will be the same.  The statute makes no exception in respect to the county in which such a deed may be given in evidence.

17. NEW TRIAL — *on the ground of surprise.*  Where a party has been vigilant in preparing for trial, using every reasonable precaution, and is taken by surprise by the introduction of evidence which he could not reasonably have anticipated, such evidence contributing to an unfavorable verdict, he will be entitled to a new trial.

18. DILIGENCE — *in preparing for trial.*  Where a party in an action of ejectment, within five months previous to the trial, examined the records relating to the title involved, and found the record of a power of attorney upon which his adversary must rely, contained nothing to indicate that a seal was attached to certificate of the notary public who took the acknowledgment of the instrument, no want of diligence could be imputed to him for not having witnesses to prove the condition of the record on the trial in another county,

when the opposite party produced a certified copy of the instrument with the notary's seal indicated thereon, the party against whom it was produced having no previous knowledge that such a copy would be offered in evidence.

19.  NOTARIAL SEAL — *when necessary.*  Under the act of 1829, authorizing notaries public to take acknowledgments of deeds, etc., it is essential that the certificate of the notary shall be under his official seal.

WRIT OF ERROR to the Circuit Court of Woodford county; the Hon. S. L. RICHMOND, Judge, presiding.

This was an action of ejectment, commenced in the Circuit Court of Tazewell county, by Edmund S. Holbrook, against John Nichol, to recover the west half of the north-east quarter of Section thirty-five, in Township twenty-five north, of Range five west, situate in that county. Benjamin S. Prettyman came in to defend, as landlord of Nichol. The cause was removed into the Circuit Court of Woodford county, upon change of venue, where a trial was had at the December term, 1863, resulting in a verdict and judgment for the defendants. The plaintiff brings the case to this court upon writ of error.

The material facts, so far as they are necessary to an understanding of the questions involved, will be found in the opinion of the court.

Mr. E. S. HOLBROOK, and Mr. H. B. HOPKINS, for the Plaintiff in Error.

Messrs. WEAD & POWELL, for the Defendants in Error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It is claimed by plaintiff in error that he, by sufficient evidence in the court below, established the fact, that one James B. Campbell was the owner in fee of the premises in controversy in the year 1835. That he derived title by a conveyance from one Caldren. And that Campbell, whilst still the owner of the premises, afterwards, in the year 1842, was declared a bankrupt in the United States District Court for the State of Illinois, and the lands in dispute were sold by his assignee in

1850, to plaintiff in error. On the contrary, it is claimed by defendants in error, that Campbell, at the time of his bankruptcy, had no interest in the lands, having conveyed to one Lee, in the year 1836. This, then, presents the question whether it appears, by the evidence, that Campbell had parted with his title before he was declared a bankrupt. If so, then plaintiff in error acquired no title to the premises by his purchase at the assignees' sale, and he must fail in a recovery of the lands. Was the title of Lee prior in time to the bankruptcy, and if so, was it shown by the evidence?

It is urged that the copy of the power of attorney from Campbell to Newhall, authorizing the conveyance of this land, was acknowledged before a notary public, who failed to annex his official seal to his certificate of acknowledgment. It appears that the copy offered in evidence by defendant in error had in the margin, at the place where the seal is usually attached, the letters "L. S.," no doubt to indicate a seal. The officer also certifies that it is given under his notarial seal, at Chicago. Inasmuch as the impression of the device of the seal cannot be transferred from the instrument to which it is affixed, to the record, by the officer making the record, it is only necessary that he should, in some appropriate mode, indicate that a seal was affixed to the certificate. And when the letters "L. S.," the word "seal," or a scroll, is employed for that purpose, no reason is perceived why it is not sufficient. It is not to be expected that the officer making the record of the original instrument can make a *fac simile* of the impression of the seal. So that where the seal on the original is indicated on the record or a copy, in the manner we have specified, it must be held to answer the requirements of the law.

It was, however, insisted that the letters "L. S." were affixed to the copy after it was made by the clerk, and were not placed there by him. To establish this, plaintiff in error introduced another copy of the power of attorney, certified by the same officer, in which nothing appeared to indicate that there was annexed the notarial seal, unless it was the statement of the officer that it was given under his notarial seal. But both

papers thus produced purported to be copies of the record of the same instrument, made and certified by the same officer, and verified by the seal of the same court. These certificates each imported equal verity, and, at the most, could only produce doubt as to which was the true copy. No one could tell, from their production alone, which was the true and which the spurious copy. It was, therefore, proper to leave the question to the jury to determine, from all of the evidence, which was the true copy.

Nor does the evidence offered to prove that the letters indicating that the officer's seal was affixed to the certificate of acknowledgment after the copy was made, establish that fact. It was attempted to be proved, that those letters were in Prettyman's handwriting. Three witnesses, called to testify on that question, give it as their opinion that they were not in his handwriting, whilst, on the contrary, but one witness gave it as his opinion that it was. This evidence fails to show that it was his writing; but even if it did, we do not perceive that it would prove that he had altered the copy. But even had it been proved that the letters were placed there by him, the clerk may have authorized him to add the letters before he gave the certificate that it was a correct copy. The clerk had a right to permit Prettyman to make the copy, as well as a deputy, but was bound to see that it was accurate before he granted his certificate.

It is again insisted, that the copy of the power of attorney offered by defendant in error, contained material interlineations and erasures, and should therefore have been rejected when offered in evidence. It appears that the word "Illinois" after the word "State" was erased, and the word "aforesaid" substituted. Also the word "Campbell" after the words "James B." was erased. It will be observed that this in no wise altered the sense of the instrument, even if they appeared in the original instrument on record. But for aught that appears, these alterations were made by the copyist to conform to the record. This formed no sufficient reason for excluding this copy as evidence. Nor is there any evidence in the

record, that these alterations were made for fraudulent purposes. Not having the copies themselves before us, we cannot see that there was anything in the appearance of that offered by defendant in error, which required it to be excluded. When the two copies are compared, it is seen that the alterations complained of, make the copy offered by defendant in error conform in every respect to that offered by plaintiff in error, except the letters indicating the seal of the officer. This renders it manifest that the alteration was made by the clerk, to render it a correct copy from the record.

In the view we have taken of the case, the certificate of the secretary of state, as to the official character of the notary public, produced by plaintiff in error, was of no consequence, whether admitted in evidence or excluded from the consideration of the jury. Its admission or rejection could in nowise alter the result. Nor did it prove anything, and could therefore work no prejudice to plaintiff in error. It was simply immaterial to the issue, and was not calculated to mislead the jury. The court, therefore, committed no error in admitting it in evidence. Nor did the order upon plaintiff in error to produce the certificate prejudice his cause, and we cannot repair the injury to his feelings. We can only look to, and correct errors appearing upon the record, which may have worked prejudice to the rights of the parties, involved in the cause on trial.

It is again objected, that this power of attorney was not acknowledged, in conformity to the statute then in force. It bears date the twentieth day of December, 1835, and the deed was executed by the attorney on the sixth day of September, 1836, and it was afterwards duly recorded. It is contended, that the ninth section of the act of 1827, authorizing certain specified officers to take acknowledgments of deeds and other instruments in writing, affecting the title to lands and real estate, does not authorize notaries public to grant such certificates. And the sixteenth section of the same act requires powers of attorney authorizing the conveyance of lands, to be acknowledged or proved in the same manner as deeds are

required to be authenticated by the provisions of that act. Notaries public not being named in that statute, it is contended that when the notary in this case acted, it was without warrant of law.

Had this been the only legislation then in force on that subject, we are not prepared to hold that there would not have been force in the objection. But the first section of the act of 1829, which is amendatory to the act of 1827, declares, that deeds of conveyance of lands may be acknowledged or proved before notaries public. And this being an amendment of the former act, it operated precisely as if this section had been added to the prior act at the time of its adoption, so far as deeds might be authenticated before a notary public, after the act of 1829 was adopted. Subsequent to that time, the officers named in the two acts had the same power as if they had been named in the ninth section of the former act. This latter act being amendatory of the former, and relating to the same subject-matter, they must be construed together and as one statute. The first section of the act of 1829, must be considered as enlarging the scope and operation of the act of 1827, precisely as though the additional officers had been named in the former act. Then, as the sixteenth section of the act of 1827 requires powers of attorney to be acknowledged or proved in the same manner as deeds of conveyance, and after the adoption of the act of 1829, notaries public were authorized to take such acknowledgments, it follows that this power of attorney was acknowledged before an officer having competent authority for the purpose.

It was likewise insisted, that the certificate of acknowledgment to the deed, from Campbell and wife to Lee, was defective, and that it was improperly admitted in evidence. It was acknowledged before a justice of the peace of Tazewell county, in which the land was situated. It was, however, not accompanied by a certificate of the county clerk, that he was an acting justice of the peace. The 18th section of the conveyance act (R. S. 106,) declares, that to entitle a deed to be recorded, when acknowledged before a justice of the peace

within the State, it shall be accompanied by a certificate of the clerk of the county court, that he was an acting justice of the peace. But it provides, that if acknowledged before such an officer in the county in which the lands conveyed are situated, no such certificate shall be required. When a deed has been properly acknowledged or proved to entitle it to record, it may be properly read in evidence. This section has declared that when it is acknowledged before a justice of the peace of the county in which the land is situated, it may be recorded without further proof. We have seen that this deed was properly acknowledged to admit it to record, and to authorize it to be used as evidence. Had the suit been tried in Tazewell county no person belonging to the profession would have doubted that it was admissible as evidence. Then can it be possible that a change of venue can alter the rules of evidence? We think not. How can the change of venue render competent evidence incompetent? The statute has declared, that in such cases no such certificate shall be required. Nor does the statute limit it to a trial in the county in which the land is situated. It makes no exception.

The evidence shows, that all the title to these premises had been divested out of Campbell before he was declared a bankrupt. It then follows, that plaintiff in error acquired no title by his purchase at the sale by his assignee. And it devolved upon him to deduce title from some other source before he could recover. Having failed to show title, defendant in error was not required to exhibit title to defeat a recovery. Until plaintiff in error showed a paramount title, defendant in error was entitled to a verdict. As the case now stands, it is unnecessary to inquire whether the proceedings in New York declaring Lee a bankrupt were regular. If irregular, the title appears from the evidence to be in Lee, and if not, the title vested in his assignee, and plaintiff in error does not claim to derive title from that source.

On the trial, and while the evidence was being introduced, plaintiff in error filed an affidavit and entered a motion for a continuance, which was overruled. In the affidavit he states,

that he had within the last five months examined the record of deeds in Tazewell county, and the record of the power of attorney failed to show that a scroll enclosing the letters "L. S," or such letters, or anything else indicating a notarial seal, appeared to the notary's certificate. That he has reason to believe, that it had been affixed to the copy of the certificate furnished by the clerk, after it was given by that officer to defendant in error. That he anticipated the production of no such certificate, and was taken altogether by surprise when it was produced. That in consequence of expecting no such certificate, he had subpœnaed no witnesses to prove the facts as they existed. That if time were given, he could prove by the clerk and his deputy, that there was nothing appearing upon the record to indicate that a seal had ever been affixed to the notary's certificate. After the termination of the trial, plaintiff in error entered a motion for a new trial based upon this affidavit, which was also overruled. We deem it unnecessary to inquire whether the court erred in refusing to continue the case in the middle of the trial, but shall proceed to examine the question whether the court erred in refusing to grant a new trial.

The twenty-third section of the practice act (R. S. 416,) declares, that exceptions to opinions refusing to grant new trials shall be allowed, and the party excepting may assign for error any such opinion. In this case the party clearly shows, that he was taken by surprise on the trial. That he had been vigilant, and had used every reasonable precaution and effort to be prepared for trial. We cannot see that he was guilty of *laches* in obtaining evidence. And that he had no reason to suppose such a certificate would be produced, and hence could not have the necessary evidence to overcome the certificate produced against him. The fact was material, as by the act of 1829, the notary public could not give such a certificate, except under his seal of office. And if he could prove that the record showed the want of a seal to his certificate, then the copy of the power of attorney would not be admissible in evidence, and the defendant in error would be driven to the production

11 — 36 ILL.

of the original power of attorney properly authenticated, before he could show a valid conveyance by the attorney to Lee.

We are therefore of the opinion that the court erred in overruling the motion for a new trial, and the judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*