JOHN R. ALLEN

*v.*

CHAUNCEY M. PAYNE.

1. NEW TRIAL — *verdict on contradictory evidence.* Where the evidence was contradictory the verdict will not be disturbed, unless it is clearly against the weight of evidence.

2. EXCEPTIONS — *when necessary.* If no exception was taken at the time to the ruling of the court, as to the admissibility of certain evidence, the question cannot be raised in this court.

APPEAL from the Circuit Court of Kankakee county; the Hon. CHARLES H. WOOD, Judge, presiding.

This was an action of assumpsit, brought by Allen against Payne, to recover for certain household goods and furniture sold by Payne to Allen, then in a hotel in Kankakee, for which he paid $1,500. Payne, after having received the purchase price agreed upon, removed, or permitted to be removed, a portion of the furniture claimed by Allen to be included in his purchase. The sale was a verbal one, and the understanding of the parties as to what was included in the sale was a matter of proof. The defendant also presented a set-off for services of his wife as cook in the hotel after possession was given to Allen, and for his proportion of the profits of the business, as agreed between himself and Allen, during the holding of the county fair.

The issues were submitted to a jury and the evidence was very contradictory. A verdict was returned for defendant and judgment entered accordingly, and the plaintiff brings the cause to this court by appeal, alleging that the verdict was contrary to the evidence.

Mr. C. A. LAKE, for the appellant.

Mr. WM. H. RICHARDSON, for the appellee.

Per CURIAM: Allen sold Payne the furniture of a hotel in Kankakee city, which Allen had been occupying, and the unexpired portion of his lease. This suit is brought by Payne on the ground that he did not receive all the furniture he purchased. Allen, on the other hand, insists, not only that he delivered all the furniture he sold, but that Payne is indebted to him for the services of himself and family after Payne took possession, and for money received by Payne at the time of the county fair, which money was to be divided between them. The jury gave Payne a verdict.

No question of law is presented by this record, and we can not set aside the verdict as against the evidence. This was very contradictory. The parties were both sworn under the recent statute and contradicted each other in their testimony.

It was for the jury to determine which was best entitled to belief or best supported by the other witnesses.

A question is made here on the admissibility of the testimony of Mrs. Payne. No exception was at the time taken to the ruling of the court, and the point is, therefore, not before us.

*Judgment affirmed.*