# MORRIS NATHAN

*v.*

# THE CITY OF BLOOMINGTON.

1. EXCEPTIONS—*when necessary.* The correctness of a decision of the Circuit Court upon a question of admissibility of evidence, not preserved by an exception taken in that court, will not be inquired into in the appellate court.

2. Where it appears from the record, that no exception was taken to the admission of the evidence complained of, such evidence will be regarded as legitimate and proper.

3. LICENSE—*when issued to a person other than the one making the application—who executes the bond in the name of such other party—without disclosing the fact—effect of.* Where a person, named M. Nathan, applied for a license to keep a saloon, and had the same issued to N. Nathan, his wife, and signed the bond in her name, without disclosing the fact that the license was not for himself, or that the name so signed by him was not his own, and it appeared from the testimony of the clerk who issued the same, that he believed at the time he granted it, that it was for the husband ; and the personal pronouns used in the bond and license, indicating the masculine gender : *Held,* that the license must be regarded as having been granted to the husband, and that he was bound thereby, the same as if he had given his note, or other obligation, by such name.

APPEAL from the Circuit Court of McLean county ;. the Hon. JOHN M. SCOTT, Judge, presiding.

The opinion states the case.

Messrs. WELDON & McNULTY, for the appellant.

Messrs. WILLIAMS & BURR, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court :

This was an action brought by appellee, before a police magistrate, against appellant, to recover a penalty for the violation of a city ordinance. The ordinance declares that no person

who is licensed to retail spirituous, malt or vinous liquors, shall sell or give away to any person under twenty-one years of age, any such liquors, or permit any minor to drink such liquors in his or her saloon, under a penalty of fifty dollars for each offence. A trial was had before the police magistrate, resulting in a conviction and fine. Several motions and objections were made on that trial, which were overruled by the court, but no exceptions were taken to the rulings of the magistrate.

On the trial in the Circuit Court, to which the case was removed by appeal, a motion was entered to dismiss the appeal, and to quash the proceeding, and also, a motion subsequently entered, for a trial *de novo*, which were overruled, but no exceptions were taken to these decisions. Appellant then offered witnesses to testify in his behalf, but the evidence was rejected by the court below, but no exceptions were taken to that decision. The bill of exceptions, as it is termed, taken before the police magistrate, was read in evidence without objection. The court below found the issues for the city. A motion for a new trial was entered, but was overruled by the court, an exception was taken, and a judgment was rendered against appellant for fifty dollars.

The second section of the fifth article of the charter of the city, (Private Laws, vol. 1, p. 651,) declares that, "the city council may, by ordinance, provide that in all suits brought for the violation of any ordinance, or the recovery of any fine under this act, before the police magistrate, or other officer, the first process shall be a warrant for the immediate apprehension of the offender, and may further provide, that no change of venue shall be taken from such police magistrate, or justice of the peace, selected by the city as hereinafter provided, and that no appeal shall be taken from any judgment of any such justice of the peace, or police magistrate, except upon bond given, and the proceedings and testimony reduced to writing as a bill of exceptions, signed by said magistrate or other officer,

and the appellate court shall try said appeal on the proceedings and evidence embodied in said bill of exceptions, and none other."

It does not appear that any ordinance was ever adopted, regulating the practice under this section. And, even if such power may be delegated to a city council, it has not been exercised by them in this case. The legislature has not, by this enactment, professed to prescribe such a practice, and it may be doubted whether, under the constitution of the State, a person can be deprived of the right, on such a trial, to be confronted with the witnesses to prove his guilt, or a jury; but this law only professes to empower the council by ordinance, to make these several changes in the practice; and it is not shown that it has been made. No ordinance for the purpose appears in evidence. And a matter of such importance, as so radical a change in the general laws of the State, adopted to insure a fair trial, and to attain justice, should not be repealed, and a different mode of trial adopted, unless it appears that such was the legislative intention. But no such construction can be fairly given to this law. The language, from its plain and obvious meaning, does not change the practice, but manifestly says that the city council may. But the question was not preserved by an exception to the ruling of the court below, and is not therefore before us.

The only question saved and presented by the record, is, whether the evidence contained in the minutes returned by the Police Magistrate, sustains the finding of the Circuit Court. The evidence thus adduced, and to its admission no exception having been taken, must be regarded as legitimate and proper; and by it there would seem to be but little doubt that appellant did violate the ordinance. On more than one occasion, and to more than one person, he permitted persons under twenty-one years of age to drink beer in his saloon, contrary to the ordinance of the city.

It is, however, insisted that the evidence fails to show that the beverage denominated beer was malt liquor. It is true, there are various kinds of beer that are not made by the use of malt, but still it was a question of fact, fairly to be left to the court to determine, whether it might not be inferred that the beer sold and drank was malt liquor. The court below found that it was, and we think the inference was warranted from the circumstances appearing in evidence. It strongly tended to prove that it was malt liquor.

It is again urged, that the evidence fails to show that appellant had a license to keep a saloon, but that it was to his wife. The evidence shows that he applied for the license, that he executed the bond, and did not disclose the fact that the name he signed to the bond was not his, or that the license was for his wife. The city clerk swears that he believed, at the time, that he was issuing the license to appellant; and it appears that the personal pronoun occurring in the bond and license, indicates the masculine gender. We must, therefore, conclude that the license was granted to him, without regard to the name in which he had it issued, or the name he signed to the bond. It was, no doubt, contrived for the purpose of evading the ordinance, or he would have disclosed the fact that he wished to procure the license in the name of his wife; but he is as fully bound by his acts, as though he had given his note or other obligation by the same name.

From all of the evidence in the case, we are of the opinion that the court below was warranted in rendering the judgment which it did, and it is affirmed.

*Judgment affirmed.*