EDWARD DAILY

*v.*

ALZINA DAILY.

1. DIVORCE—*adultery—how shown.* Like all other charges, that of adultery may be established by circumstantial evidence. As the parties generally use every effort to conceal the act, courts and jurors are compelled to determine the question from the behavior of the parties and from a great variety of circumstances, which, if considered singly, would be insufficient, but when taken together, may be amply sufficient to prove the charge. It is sufficient if the evidence, when considered together, convinces the mind that the charge is true.

2. Where the evidence showed that the defendant, in a suit brought by the wife for divorce, had, on many occasions, been shut up alone in the room of a woman generally reputed to be unchaste, no explanation being given for the doors being locked and all entrance to the house being barred; that he visited her almost daily, in the absence of her husband, on no apparent business; that he paid her money, frequently met her at an eating house, and had frequent rides with her: *Held*, that these and other circumstances proved, tending to support the charge, unexplained, fully justified the jury in finding that defendant was guilty of the charge of adultery.

3. ADULTERY—*instruction as to evidence.* In a suit by a wife for a divorce, on the ground of adultery, the court instructed the jury, in substance, that in determining the question of adultery, they might properly consider the evidence as to defendant keeping the company of lewd women, and

the circumstances attending it as proved, where there was proof that defendant kept the company of women whose character for chastity was bad: *Held*, that there was no error.

4. So, an instruction that the jury might consider the evidence as to the character of the women, and if from the evidence they believe it bad, that was sufficient on that point, was held no error, because harmless as well as useless.

5. And an instruction that if from the whole evidence a reasonable man could not say that he believed the offense had not been committed, the jury should find the charge proved, was held to have been awkwardly drawn and slightly inaccurate; but as it was evident it could not have misled the jury when considered with those given for the defendant, it was not sufficient to justify a new trial.

6. EVIDENCE—*error cured by instruction.* On the trial of issue of adultery, in a suit by the wife against the husband for divorce, the court allowed the wife to read to the jury the deposition of the husband, taken by her, but afterwards instructed them to disregard it, and to find for the defendant, unless they found the charge established by other clear, satisfactory and convincing proof: *Held*, that the question of the competency of the husband as a witness for his wife would not be considered by this court.

7. ERROR—*question not raised below.* The question of the competency of the wife as a witness in her own behalf, in a suit against her husband for divorce, to be considered by this court, must be raised and decided in the court below and exception taken.

8. ALIMONY. Where the husband had purchased a house and lot, and caused the same to be conveyed to his wife during coverture, expecting to use the same with his wife, it not appearing how much of the fund used in payment arose from the labor and earnings of the wife, and the court, after decree of divorce at the suit of the wife for the adultery of the husband, decreed the house and lot as alimony: *Held*, that this court was not prepared to say there was any error.

9. SAME—*changing.* Where future circumstances render it necessary, a decree for alimony may be changed and modified by the court.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was a bill for divorce, filed by appellee against appellant, charging adultery with several women. The evidence was voluminous and mostly circumstantial. G. A. Marsh testified that in 1868 he was marshal of the city of Galesburg; that his attention had been called to the conduct of appellant

and certain women, and he was requested to break it up; that one night he found appellant in the back part of the house of one of these women, in a dark room with her; that he called out and told him of the charges he had heard, and asked him if they were not true; that appellant did not attempt to deny it, and asked witness not to urge him to confess, saying he knew he had done wrong; also, that the reputation of the woman was not good for chastity.

The court instructed the jury for the appellee—

1. The jury are instructed that adultery being peculiarly a crime of darkness and secrecy, it is a fundamental principle never to be lost sight of that this offense need not be proved in time and place, but it is sufficient to prove the parties together in some place where the offense might probably be committed, and there was an opportunity to commit it. To raise the presumption of adultery, three things must combine, and where they do combine, the offense is almost as a matter of course in law presumed to be committed: *First*, the criminal disposition or intent in the defendant; *second*, the same in the *particeps criminis; third*, the opportunity. The crime may be proved by facts and circumstances, such as would lead a reasonable and cautious man to say from the proof, I have an abiding conviction that the offense has been committed.

2. The main question to be decided by the jury in this case is, whether the defendant has, within the last five years, been guilty of adultery; and in determining this question, the jury may properly consider the evidence as to defendant's keeping company with lewd women, the circumstances attending it as proven; and if from the whole evidence the jury believe that defendant has been guilty of adultery, they should find for the complainant.

3. Unless from the evidence the jury believe that the facts given in evidence may reasonably be reconciled with defendant's innocence; and if, on the contrary, they from the evidence believe such circumstances are harmonious with guilt, they may properly find the charge of adultery proven.

4. In determining from the evidence what was the character for chastity of the women named by the witnesses, viz: Mrs. Guist, Mrs. Jerome Daily and Mrs. Webster, the jury may properly consider the evidence as to the reputation of such women as to chastity; and if from such evidence the jury believe that their reputation for chastity was bad, that is sufficient evidence upon this point.

5. The main question in this case is, whether, within the last five years, the defendant has been guilty of adultery; and in determining this question, the jury may properly consider any evidence tending to show that defendant kept company with lewd women, and the circumstances attending it; and unless from the whole evidence the jury should believe the evidence is such as would leave a reasonable man to say, I do not believe the offense has been committed, they should find the charge of adultery proven.

On behalf of defendant, the court instructed the jury—

1. The jury are instructed that the law does not favor the severing of the marriage tie, unless for good, sufficient and legal reasons; and, therefore, if the facts proved and relied upon in this suit are equally capable of two interpretations, one of which is consistent with defendant's innocence, they will not be sufficient to establish guilt, and it will be the duty of the jury to so find by their verdict.

2. The jury are instructed that before the jury can, under the law in this State, find the defendant guilty, the adultery must be proved to be committed by direct or circumstantial evidence, and not on mere suspicion or even on bad reputation.

3. The jury are instructed that the law requires, before the defendant can be found guilty in this case, a reasonable degree of strict affirmative proof; that circumstances merely suspicious are insufficient; but that the proof must be clear, satisfactory and conclusive to the mind of the jury that the defendant is guilty; and if the jury do not believe from clear

proof, by positive or circumstantial proof in this case, that the crime of adultery has been committed by the defendant as charged in the bill, the jury will find defendant not guilty.

4. The jury are instructed that the law raises no presumption of guilt from the defendant's refusal to answer the questions that were propounded to him by complainant's solicitor; and unless the jury find from other evidence that the defendant is guilty, by clear, satisfactory and convincing proof, it will be their duty to find the defendant not guilty.

The jury found for the complainant, and the court rendered a decree for divorce, etc.

Messrs. WILLOUGHBY & GRANT, for the appellant.

Messrs. McKENZIE & WILLIAMS, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill for a divorce, brought by appellee in the Knox circuit court, against appellant. The charge was adultery on the part of defendant.

It is first urged that the evidence fails to sustain the charge, and for that reason the decree should be reversed. There is much testimony tending to establish the truth of the charge; but as in all, or nearly all, such cases, there is no direct and positive evidence of the acts charged. In such cases, the parties generally use every effort to conceal the act, and courts and juries are compelled to determine the question from the behavior of the parties and from a great variety of circumstances, either of which, when considered alone, would be insufficient to prove the charge, but when considered together, may be, and frequently are, amply sufficient to establish the offense. It, like all other charges, may be established by circumstantial evidence, and the evidence need only, when considered together, convince the mind that the charge is true. If direct, positive evidence should be required, but few divorces would be obtained on this ground.

After a careful consideration of the evidence, we think it fully warranted the jury in arriving at the conclusion they did. The conduct of appellant can hardly be reconciled with his innocence of the charge. The pure and virtuous seldom are found acting as he did; nor is there but one or even a few isolated acts upon which the jury were left to infer his guilt. If but thoughtless indiscretion, he must be exceedingly obtuse, at his age, as to the ordinary proprieties of life. He seems to have been shut up alone, on many occasions, in a room at her house, with a woman who is proved to be generally reputed unchaste; and this is not contradicted by any evidence, and it is merely suggested that this may have all been innocent. No explanation is given for the doors being locked and all entrance to the house barred. Again, his almost daily visits to this woman, in the absence of her husband, and on no apparent business; his paying her money; his frequent meetings with her at the eating house, and their frequent rides together seems to be strong evidence of improper intimacy, especially when her general reputation for virtue is bad; and numerous other circumstances appearing in the evidence tend strongly to support the charge. All of the evidence considered, we are clearly of the opinion that it supports the finding of the jury.

It is urged that the court below erred in admitting in evidence the deposition of defendant, as he was not a competent witness. We deem it unnecessary to inquire whether or not he was competent, as the court, by full and clear instructions, directed the jury to disregard it, and to find for defendant, unless they found the charge established "by clear, satisfactory and convincing proof," other than the deposition. This proposition was clearly stated to the jury, in several forms and in different instructions.

It is urged that the court gave improper instructions for complainant. The criticism of the second we think is not well founded. We think there was evidence that appellant did keep company with lewd women. The witnesses did not

state, in terms, that they were lewd, or had the reputation of being lewd, but they stated their character for chastity was bad; that they were reputed to be street-walkers, and such like expressions, all of which mean that they were reputed to be lewd. The court did not say, in terms, that they were lewd, but simply told the jury that they might consider the evidence that he did keep company with such women. The fourth instruction seems to have but little pertinency to the case. It simply tells the jury they may consider the evidence as to the character of these women; and if, from the evidence, they believe it bad, that would be sufficient on that point. This instruction, although useless, would seem to be harmless.

But the strongest objections are urged against the fifth of complainant's instructions. The instruction is awkwardly drawn, and is perhaps not precisely accurate. It, in substance, says if from the whole evidence a reasonable man could not say that he believed the offense had not been committed, then they should find the charge proved. It would have been more accurate to have told the jury that if a reasonable man would say from all the evidence he believed defendant guilty, then they should regard the evidence sufficient and the charge established. But notwithstanding this instruction may have been slightly inaccurate, we can not believe, in the light of. defendant's instructions, that it could have misled the jury. His instructions were clear and easily comprehended, and directed to the points at issue, and certainly stated the legal propositions as strongly as the evidence could warrant. Under them, the jury could hardly have been misled by those of complainant.

It is urged that complainant was incompetent as a witness. We do not find from the record that any objection was made or exception taken to her testifying in the case, and even if it was a valid objection, the question should have been raised and preserved in the court below. It comes too late when raised for the first time in this court.

It is objected that the court erred in decreeing that complainant should have the house and lot which had been conveyed to her during coverture, as her alimony. It may be that appellant's means may have bought and paid for the house, but even if the property paid in exchange for it was in his name, it does not appear how much the labor and economy of complainant may have contributed to create the fund with which it was purchased; but independent of such considerations, appellant had the property conveyed to her, and it is by his own fault that he is now deprived of using it jointly with her. He seems to have expected to so use it when the conveyance was made, and it is his own violation of duty that has disappointed his expectations. Considering his conduct as shown by the evidence, we are not prepared to say the court erred in decreeing that she hold the property free from his claim. If, in the future, circumstances should render it necessary, the decree for alimony can be changed and modified, as it remains under the control of the court by the provisions of the statute.

Perceiving no error in this record for which the decree should be reversed, it is affirmed.

*Decree affirmed.*