## JAMES A. REYNOLDS

*v.*

## PALMER & HOPPER.

1. PRACTICE—*objection to evidence, and exceptions.* A party can not assign for error the admission of testimony to which he has not objected, and excepted to the ruling of the court overruling his objection.

2. ERROR *will not always reverse.* The admission of improper testimony, against objection, which is immaterial to the issue, and is not calculated to mislead the jury, is not ground for the reversal of a judgment.

3. EVIDENCE — *materiality.* Where a plaintiff had testified, without objection, that his firm had charged the defendant with thirty-three plows, and then testified that, in settlement, defendant said he did not

know any thing about the number of plows received; that his son said seven plows were charged which he never received; that they had been credited with part of the money, and they paid for all but the seven plows they never got, and the witness then testified, under objection, that the seven plows were charged to the defendant: *Held*, that the evidence objected to could not prejudice the defendant, the question being whether the thirty-three were all delivered, and the testimony objected to not tending to prove a delivery of the seven which were disputed.

4. NEW TRIAL—*finding as to the facts*. The mere fact that this court is not free from doubt as to which way the preponderance of the testimony is, upon a disputed fact, does not authorize it to disturb the verdict.

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. STEWART, PHELPS & STEWART, for the appellant.

Mr. JOHN J. GLENN, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was an action of assumpsit, by the appellees against the appellant, to recover the value of certain plows alleged to have been sold and delivered by them to him. The jury rendered their verdict in favor of appellees. Appellant moved for a new trial, which was overruled, and judgment was given upon the verdict by the court below. To this appellant excepted, and brings the case before us by appeal. But two questions are argued, and we will notice them in the reverse order to that in which they are presented in appellant's argument.

It is contended that the court erred in permitting Hopper, one of the appellees, to testify that thirty-three plows were charged to appellant, in the account book of appellees, without introducing the book of account, or any evidence, as a foundation for such secondary evidence.

It appears, from the record, that Hopper testified that appellees had appellant "charged with thirty-three plows in all; he personally knew that a portion of the plows were

19—70TH ILL.

delivered," etc., but we fail to find any objection in the record to the admission of this evidence, or that there was any ruling upon it, to which exception was taken. It has long since been declared, by this court, to be the law, that a party can not assign for error the admission of testimony to which he did not except. *Sawyer* v. *The City of Alton*, 3 Scammon 127; *Smith et al.* v. *Kahill*, 17 Ill. 67. The only exception taken to any portion of Hopper's testimony was this: After having testified as just mentioned, he proceeded to detail what he knew of the delivery of the plows, and then said, as appears from the record, "In settlement, defendant said that he did not know anything about the number of plows received in Abingdon by Reynolds & Son; that Marion Reynolds said seven plows were charged he never got; that they had been credited with part of the money, and they paid for all but the seven plows that they never got." Plaintiffs then asked: "To whom were those cultivators charged?" Defendant objected to this question, but the objection was overruled, and to this, defendant excepted. Witness answered: "To James A. Reynolds." We are unable to perceive how this answer could have prejudiced appellant. He had, without objection, permitted the witness to state that appellees had charged appellant with thirty-three plows, and it is not now pretended that there was any controversy upon any other point than whether all of the thirty-three were delivered to appellant, or whether seven of that number were in fact not delivered. This evidence did not tend to prove a delivery, and was wholly immaterial. Nor could it in any way mislead the jury. The admission of testimony which is immaterial to the issue, and not calculated to mislead the jury, is not ground for the reversal of the judgment. *Holbrook* v. *Nichol et al.* 36 Ill. 161; *Bauman et al.* v. *Bowles*, 51 id. 380.

It is also contended that the evidence does not sustain the verdict. The evidence is conflicting, and we are not free from doubt as to which way the preponderance is, but this does not authorize us to disturb the verdict. We can not

say that the jury, with the superior facilities they had to determine this question, by having the witnesses before them, were plainly and palpably wrong in the conclusion to which they arrived.

The judgment of the court below is affirmed.

*Judgment affirmed.*