## CÆSAR A. ROBERTS

### *v.*

## WILLIAM CORBY.

1. **VARIANCE** — *when note is due* — *days of grace.* Where a promissory note is described as payable on a certain day, as expressed in the note, there will be no variance, although days of grace are allowed. It is enough to describe the same as the parties made it. If suit is brought before the expiration of the days of grace, the objection may be interposed that the action was premature.

2. **PRACTICE** — *objection must be made on trial below.* Where no objection is made to evidence on the trial in the court below, the question of variance can not be raised in this court.

3. **SAME** — *want of venue.* The omission to state a venue, at common law, can be taken advantage of only by demurrer, and is cured after verdict by our statute of amendments and jeofails.

4. **JUDGMENT** — *affidavit to set aside.* Where a suit is tried in the absence of the defendant and his counsel, an affidavit to set aside the finding, and for a new trial, should state the facts showing a defense, and show there was no want of diligence. It is not sufficient to state, generally, that the defendant has a good and valid defense.

APPEAL from the Circuit Court of Peoria County; the Hon. J. W. COCHRAN, Judge, presiding.

Messrs. CRATTY BROTHERS and Mr. N. W. GREEN, for the appellant.

Mr. L. HARMON, for the appellee.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was *assumpsit*, by appellee against appellant, to recover the amount claimed to be due on a promissory note given by the latter to the former. There were pleaded the general issue and payment, upon which issues were joined. The cause was called for trial, in its order on the docket, in the absence of appellant and his counsel; a jury was impaneled, and evidence was heard by them, upon which they found for appellee for the amount of principal and interest due upon the note in suit. Subsequently, appellant appeared and moved the court for a new trial, which motion the court overruled, and entered judgment on the verdict of the jury.

The points made upon which a reversal is urged are:

1. There is a variance between the allegations and the proofs.

2. Appellant's affidavit in support of his motion for a new trial showed sufficient grounds for a new trial.

3. The declaration is defective because no venue is alleged.

The supposed variance between the allegations and proof is, the note described in the declaration is payable November 27, 1872, and that offered in evidence, although by its terms professing to be payable on November 27, 1872, it is contended, having three days of grace after maturity, is, in fact, payable November 30, 1872.

The objection is without merit. Had the suit been brought before the expiration of the days of grace, the defense that the suit was prosecuted too soon might have been interposed. But the instrument is described precisely as the parties made

it, and that is enough. Besides, no objection was made to the introduction of evidence in the court below, and the question of variance can not be raised here for the first time. *Warren* v. *Harris*, 2 Gilm. 307 ; *Reynolds* v. *Palmer et al.* 70 Ill. 288 ; *Wilhelm* v. *The People*, 72 id. 468 ; *The People* v. *Gray*, id. 343 ; *Hartford Fire Ins. Co.* v. *Farrish*, 73 id. 166.

It is sufficient to say of appellant's affidavit, that he does not state any facts from which the court can see he had any substantial defense to appellee's claim. He says he has a good and valid defense to about $60 of the amount. But this is a conclusion of law to be drawn from facts, and not the statement of a fact. He should have stated the facts as he can prove them, so that the court would have been enabled to draw its own conclusions of law. *Rich* v. *Hathaway*, 18 Ill 548 ; *Forrester* v. *Guard*, Breese, 74 ; *Ritchey* v. *West*, 23 Ill. 385. Nor does the affidavit show sufficient diligence. *Hartford Fire Ins. Co.* v. *Vanduzor*, 49 Ill. 489 ; *Champion* v. *Ullmer*, 70 id. 322.

The omission of the venue, even at common law, had to be taken advantage of by demurrer, and when this was not done the objection could not be raised on writ of error. *Chicago & Rock Island R. R. Co.* v. *Morris*, 26 Ill. 400 ; *Toledo, Peoria & Warsaw Ry. Co.* v. *Webster*, 55 id. 338. The omission is clearly cured by our present statute of amendments and jeofails ; and had the objection been urged in the court below, in apt time, the court would have allowed the amendment without delaying the trial of the cause.

The judgment is affirmed.

*Judgment affirmed.*