## Adolph Gray v. S. M. Meek.

101 463
a199s 136

1. PRACTICE—*Where No Exceptions Are Taken to the Admission of Evidence.*—Where no exceptions to the method of computing the amount due by the plaintiff's bookkeeper, and no proof to the contrary is made, and the amount shown by his computation is the same as that found due by the jury, and no exception is taken to its admission, however erroneous, it is not open to review on appeal or error.

Action on the Case.—Error to the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed April 4, 1902.

J. F. HESS and JNO. W. BYAM, attorneys for plaintiff in error.

MEEK, MEEK, COCHRANE & MUNSELL, attorneys for defendant in error.

MR. JUSTICE SHEPARD delivered the opinion of the court.

By an agreement in writing entered into, under date of October 25, 1890, between the defendant in error, as party of the first part, and the plaintiff in error, as party of the second part, the said parties contracted together as follows, so far as is material to the issues involved:

"1st. Said first party hereby employs said second party to sell the following described real estate, to wit: (describing certain property consisting of eighty lots in S. M. Meek's certain subdivision).

And the party of the first part hereby gives to the said second party the exclusive right to offer for sale any and all of said lots for, during and until one year from date, and not longer, except as hereinafter provided, at prices averaging $130.50 per lot for all inside lots, and $175 for lots fronting on Milwaukee avenue, the first payment to be not less than $5 down, and monthly payments to be not less than $2.50 per month; all sales to be made on written or printed contracts to be approved by said party of the first part and an original abstract to be furnished with each lot as fast as they are sold. All deferred payments to draw six per cent per annum, payable annually, and all payments to be made at the office of S. M. Meek, Chicago. Said first party to furnish all deeds, contracts and releases that may be needed in carrying out and filling this agreement and conveying said property.

2d. That said second party shall sign no contracts nor handle the cash collected, nor in any way exercise any act of ownership, or have any interest in said real estate by reason of this agreement, and that this agreement shall not be recorded, and that the recording of the same by the said second party shall forfeit all his interest therein, and release said first party from the terms thereto.

3d. That said first party shall be at no expense except as above stated in relation to the said sales.

4th. That the said second party shall have the right to sell and said first party hereby agrees to convey the said lots, when the same are paid for, on the foregoing terms, i. e., $130.50 for inside lots and $175 for corners and frontage on Milwaukee avenue. That all over and above said price, per lot, realized on said sales, shall go to said second party and is in full payment for his services in making such sales, as hereinafter provided.

5th. No commission shall be earned on sales in any case until the contract is signed and approved by said first party and cash paid over to the party of the first part thereon to the amount of $5 or upwards.

6th. The cash so paid in on contract as aforesaid, shall be divided as follows:

One-half shall go to the party of the first part and one-half to the party of the second part, less ten per cent on his

half, as his commission, until his commissions are all paid, but all lots must average above the net prices to warrant any commission, the said ten per cent to be kept back until final settlement as hereinafter provided.

7th. When a sale has been made and money paid in thereon and divided so far as paid in, and the contract thereafter forfeited, then said party of the second part forfeits any further commission beyond what he has already had on such contract, until he resells said lot, when the commission on the new contract shall be the same as if the said lot had been previously sold.

8th. This contract shall terminate and end, so far as said second party's right to make sales is concerned, in one year from the date thereof, unless farther extended by mutual agreement in writing indorsed hereon. * * *

11th. It is hereby agreed by and between the parties hereto in consideration of the premises, that in case any lot or lots in said subdivision remains unsold at the end of twelve months from date, that said A. Gray hereby agrees to buy the remaining lots and first party agrees to sell at above prices, within thirty days from termination of one year as aforesaid, and to allow the ten per cent kept back by the said first party to apply on the purchase price of such lots so remaining, if any, and to pay the balance on the same terms, and at same prices as aforesaid.

All of which is hereby agreed to and accepted by us, and each of us respectively, who here promise to keep and perform the part by us respectively to keep and perform in the foregoing premises.

Signed the day and year first above written.

S. M. MEEK.    [SEAL.]
ADOLPH GRAY.    [SEAL.] "

After the expiration of the one year provided in said contract, a supplemental memorandum was made by the parties extending the contract as follows:

" In consideration of the mutual covenants to keep and perform the terms of the within agreement, the time within which the said A. Gray is to complete the sale of the within described lots is hereby extended to November 1, A. D. 1892, and he is still bound to take and pay for all lots then unsold. as in said contract provided.

It is further agreed that said A. Gray is to pay to S. M. Meek taxes after the year 1891, and six per cent interest per annum, payable annually, or on final settlement of any

contract, on all lots unsold on and after October 25, A. D. 1891, unless he collects interest and taxes thereon from other purchasers, in which case said Gray is to be allowed a rebate thereon to the amount so collected of other purchasers on said lots. In no case is said S. M. Meek to collect interest on more cash than the balance due him on the original purchase price from time to time.

It is further agreed that the cash turned in on statement of November 19, A. D. 1891, $237, and January 25, A. D. 1892, $235, shall remain in the hands of S. M. Meek, and not be subject to division, as the same were paid in after the expiration of the original contract and before the same was extended, but shall go toward extinguishing the purchase price, or interest to be paid by said A. Gray on final settlement.

It is hereby mutually agreed by and between said parties, that the foregoing memorandum is but an extension of the original contract, and does not abate any of the terms thereof.

Witness our hands this         day of April, A. D. 1892.

S. M. Meek,
Adolph Gray."

The claim in the suit is for moneys received by Gray in the course of his dealings with the lots and for which he had not accounted, and for the agreed price of the unsold lots which he had agreed to take, and taxes. There were in all thirty-three unsold lots which Gray was bound to take at the price and on the terms specified in the contract. For this amount, as well as for the amounts received by Gray and not accounted for by him, Meek was plainly entitled to recover.

The contention that the true measure of damages is the difference in value between the agreed price and the fair market value of the lots at the time Gray agreed to take and pay for them is not tenable.

Meek was suing to recover the price agreed by Gray to be paid for the lots, and not simply for the loss he had suffered by reason of Gray's breach of contract. Gray's agreement was to buy the lots unsold at the date of the expiration of the supplemental contract. It is not a question of what damages Meek may have suffered by reason of Gray's failure to take the lots. Gray had agreed to take

the lots at a specified price, and the suit was to recover that price, among other things.    The difference between the price fixed by the contract for the lots and their value at the time the contract was to be performed is not, in such a case, the true measure of damages.    It is urged that the declaration as it stood at the trial was not sufficient to sustain the action.    The remark of Mr. Judd, Meek's counsel, to the court during the trial, that he relied on the first count of the declaration, " the action on the case," should be treated, as it was doubtless intended, to amount only to a waiver of the fourth count, in trover.    The abstract shows this quite plainly, as follows :

" Judge Byam :    Yes, sir.    Well, my objection, of course, is that it is immaterial and incompetent in this action; that this is an action for the conversion of money, and if there is anything due on the land, that is an action on contract.

The Court :    This is case, is it ?

Mr. Judd :    This is case.    This is not trover.    There is a count of trover in here, but I do not claim to recover on that.

The Court :    You are seeking to recover—

Mr. Judd :    On but the first count.

The Court :    On the case ?

Mr. Judd :    On an action on the case."

There were four counts to the declaration, all in case, except the last one, which was in trover.    We think what was said, as well as the subsequent course of the trial, shows plainly no intention to abandon any of the counts on the case, but only the count in trover.    The declaration was sufficient.    But it is insisted that Meek himself was in default in not tendering a contract from himself to Gray, and in not tendering a deed, with an abstract of title, of the lots in question.

We see no occasion for a different contract being made between the parties.    The one that was entered into was sufficient, or was, at least, all that Meek had agreed to make.

As to the tender of a deed, Meek testified that he offered Gray a deed for the lots, and that he always furnished Gray with an abstract when one was asked for by him.    This

was said on his direct testimony, and no questions were put to him on cross-examination as to the manner of the tender. But though we might think the evidence fell short of proving a tender of a deed to Gray of the unsold lots, we do not regard that a tender of a deed was necessary, under the terms of the contract, until at least the first payment was made, and there is no pretense that any such payment was ever made.

No exception was taken to the method of computing the amount due by Mr. Melang (Meek's bookkeeper), and no proof to the contrary was made. The amount shown by his statement was the amount found due by the jury, and no exception being taken to the admission of the evidence, its admission, even if erroneously allowed, is not open to review on appeal or error. Reynolds v. Palmer, 70 Ill. 288; Hughes v. People, 116 Ill. 330; Dailey v. Dailey, 64 Ill. 329–35; T., P. & W. Ry. Co. v. Miller, 55 Ill. 448; Allen v. Payne, 45 Ill. 339: Nathan v. City of Bloomington, 46 Ill. 347; Metcalf v. Edmiston, 25 Ill. 392; Smith v. Kahill, 17 Ill. 67; Sawyer v. Alton, 3 Scam. 127.

Nor was there any objection made or exception preserved to the conduct of the court referred to by the plaintiff in error, and it is not before us for review.

We observe no substantial error in the matter of instructions, and the judgment of the Circuit Court should, for anything made to appear by the record, be affirmed.