ROWLEY SMITH *et al.*, Appellants, *v.* EDWARD KAHILL, Appellee.

APPEAL FROM WASHINGTON.

In an action for work and labor, the certificate of a foreman of the defendant, showing the number of days' labor performed, accompanied by evidence tending to prove that the person signing the certificate was foreman, is proper for the consideration of the jury.

Where objection is not made to the introduction of parol evidence in the Circuit Court to prove a contract, the effect of that evidence cannot be avoided.

Where the record does not show an exception taken to the decision of the Circuit Court in overruling a motion for a new trial, the decision cannot be assigned for error.

THIS cause was tried before UNDERWOOD, Judge, and a jury at October term, 1854, of the Washington Circuit Court. Verdict and judgment for Appellee in the court below.

NELSON and JOHNSON, for Appellants.

BOND and GRAY, for Appellee.

SKINNER, J. Kahill sued Rowley, Smith & Co., before a justice of the peace of Washington county, to recover for work and labor. The plaintiff recovered judgment for $23.02. The cause was appealed to the Circuit Court, where judgment was rendered for the plaintiff for the same amount, upon verdict of a jury. The defendants appealed to this court.

On the trial in the Circuit Court it was proved that the plaintiff, with other laborers, had worked on section ninety-seven of the Illinois Central Railroad for Stiles & Co., who were sub-contractors under the defendants; that one month's pay was due them and unpaid, and that they refused to work longer on that account; that defendants then told them to go to work for them and open a new pit so that the defendants could measure their work and distinguish it from work done for Stiles & Co.; that the plaintiff's labor was worth $1.25 per day.

The plaintiff read in evidence a certificate dated August 15, 1853, to the plaintiff, signed by the defendants, "per M. P. Waters, foreman," and certifying that the plaintiff had worked for them on said section ninety-seven, eighteen and three-fourths days; proved the hand-writing of Waters, and offered evidence tending to prove that Waters was the foreman of the defendants, and authorized to give the certificate. The defendants objected to this evidence; the objection was overruled and defendants excepted.

The defendants offered in evidence a similar certificate of the same date, to one Ferriel, signed by Waters as foreman of Stiles & Co. To this the plaintiff objected, the court sustained the objection, and the defendants excepted.

We can see no error in admitting the certificate to plaintiff. It stated the time plaintiff had worked, there was evidence tending to prove authority in Waters to execute the same for the defendants, and it was proved to have been signed by Waters.

The certificate to Ferriel, a third person, and shown in no manner to have been connected with the plaintiff, nor with the transaction between the plaintiff and defendants, was properly excluded.

It was also proved that the defendants paid plaintiff the amount due him from Stiles & Co., about 15th July, 1853. Some of the witnesses testified that, when the hands refused to work on account of Stiles & Co. failing to pay them, the defendants told them to go to work and they would see them paid, or would pay them, but which, they could not positively say; that the hands refused to go to work without an assurance in writing, and that the defendants gave an assurance in writing.

The defendants set up the statute of frauds as a defence. It

was for the jury to determine from the evidence what the contract was, and there was evidence before them of a direct undertaking by defendants to pay, in consideration of work performed by plaintiff for them.

If such was the contract, it was not within the statute.

No objection was made to parol evidence of the contract, and the defendants cannot now avoid its effect. *Sawyer* v. *The City of Alton*, 3 Scam. 127. And we think the evidence does not show that there was a written contract between the plaintiff and defendants concerning the subject matter of this suit.

There was a difficulty among laborers on the work because they were not paid. The defendants " gave an assurance in writing," but to whom it was given, or whether to secure the payment of what was due them from Stiles & Co., or for work yet to be performed, does not appear.

The defendants moved for a new trial, but the record fails to show that they excepted to the decision of the court overruling their motion. This, therefore, they cannot assign for error. *Selby* v. *Hutchinson*, 4 Gil. 319 ; *Pottle* v. *Worter*, 13 Ill. 454.

*Judgment affirmed.*