OTHO KLEMM *et al.*, Plaintiffs in Error. *v.* ROBERT DEWES, Defendant in Error.

ERROR TO COOK.

It is erroneous to enter a judgment against a party not served with process.

An appearance by motion to set aside a default, entered against several defendants served, is not such an appearance as will cure a want of service upon others. And it is error to render a final judgment pending such a motion.

THIS action was commenced June 2, A. D. 1858, in the Circuit Court of Cook county.

The precipe and declaration are entitled of October term, A. D. 1858. The summons was dated June 2, 1858, and was in assumpsit, and returnable on the fourth Monday of June, 1858.

The precipe, summons, and declaration, are all in favor of Robert Dewes, plaintiff, against Daniel T. Elston, William H. Davis, Orrin J. Rose and Otho Klemm, as joint defendants.

The summons was returned 5th June, 1858, served upon Elston, Davis and Rose, and not found as to Klemm.

On the 30th day of June, 1858, default and interlocutory judgment was entered against all the defendants, although there had been no service upon, or appearance by defendant Klemm.

On the first day of July, 1858, the record shows this entry:

" This day come the said defendants by their attorneys, and they now move the court to set aside the default heretofore taken and entered of record against them in this cause."

Nothing more appears in the record respecting this motion.

On the 18th day of July, 1858, there was an *ex parte* assessment of damages, pursuant to the default entered on the 30th day of June, 1858, and judgment awarded in favor of plaintiff below, against all the defendants below, for $2,700.

The record does not show any service upon the defendant (below), Klemm, nor any publication, nor any appearance to the action by him, nor any appearance of any of the defendants below, except to move to set aside the default, as above set forth, no attorney's name being there mentioned.

BURNHAM & MARTIN, for Plaintiffs in error.

Cited, 23 Ill. 88 ; 25 Ill. 107.

WILLIAMS, WOODBRIDGE & GRANT, for Defendant in Error.

Cited, 17 Ill. 236.

WALKER, J. The summons was against four defendants. It was served on three only, and returned not found as to the other. No appearance was entered by the defendant not served, but a default was taken against all the defendants. Afterwards, and before a final judgment was entered on the default, the record shows that defendants entered a motion to set aside the default, which does not appear to have been disposed of, but a judgment was rendered on the default. It

·is urged, that the entry of this motion cured the error of taking a default against a defendant not. served, and who had not entered his appearance. Had he entered a general appearance, even at that stage of the proceeding, there might be some force in the position. It might then be said, that the object was to cure an irregularity, and give validity to the judgment. But in this case the object was to get rid of a judgment which was void as to him. How this could give validity to a void judgment we are unable to perceive. To do so, would be to hold that a denial of validity, was to give it force and effect. It would be to reverse all the presumptions arising from human action.

Even if this was a general appearance, the court erred in not vacating the judgment by default, and letting him in to make his defense. It was manifest error to render judgment against this defendant, while his motion was still pending. The judgment of the court below is reversed, and the cause remanded. *Judgment reversed.*