JAMES C. GILL

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. BILL OF EXCEPTIONS — *when necessary.* The only manner in which the court below can state the facts connected with a motion for a new trial, and its action in overruling it, in order to be reviewed in this court, is, to preserve the motion and the action of the court thereon, in a bill of exceptions. An entry

42 321
23a 485

42 321
125 260

42 321
126 495

42 321
130 464

42 321
34a 146

42 391
37a 453

42 321
50a 262

50a 405

42 321
77a 199

42 321
101a [1]154

in the record by the clerk, that a motion for a new trial was made and over-
ruled, is not, of itself, sufficient.

2.  The defendant in a criminal case, desiring to question the sufficiency of
a verdict, should move to set it aside, and, upon the overruling of the motion
by the court, take exception to the ruling.  Not having done so, the defendant
must be considered as having acquiesced in the ruling and the judgment of
the court.

WRIT OF ERROR to the Circuit Court of Clay county; the
Hon. AARON SHAW, Judge, presiding.

At the June Term, 1863, of the Circuit Court of Clay county,
an indictment was found against James C. Gill, for assaulting
with intent to kill one Sullivan Hubble.  The cause came on
for trial at the October Term, 1864.  The jury returned the
following verdict:

" We, the jury, find the defendant guilty of an assault with a
deadly weapon, with an intent to inflict a bodily injury."

The defendant's counsel moved in arrest of judgment and
for a new trial, which motions the court overruled, and ren-
dered judgment against the defendant for twenty-five dollars
and costs.  The record does not show a bill of exceptions.

The defendant assigns for error the action of the court in
overruling the motions in arrest and for a new trial, for the
reason, that, the indictment charging an assault with an intent
to kill, the verdict of the jury was a virtual acquittal of any
offense, unless it found and set forth the facts necessary to con-
stitute the minor offense.  That the verdict should have found,
first, upon whose person the assault was committed, and, second,
that it was without considerable provocation, or where the
circumstances showed an abandoned and malignant heart.

Mr. W. B. COOPER, for the plaintiff in error.

Mr. THOMAS S. CASEY, State's Attorney, for the people.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The plaintiff in error was indicted for an assault with intent
to kill.  On the trial the jury found the following verdict:

"We, the jury, find the defendant guilty of an assault with a deadly weapon, with an intent to inflict a bodily injury."

On this verdict the court rendered a judgment, fining the defendant twenty-five dollars, and he has sued out a writ of error.

It is not denied, that, under the indictment for the greater offense, the jury could find the defendant guilty of the lesser, as decided by this court in the case of *Prindeville* v. *The People, ante*, p. 217, but it is urged that this verdict is an acquittal of the offense charged in the indictment, and that it fails to define that of which it intends to find the defendant guilty, inasmuch as it does not find the assault to have been committed either without considerable provocation, or where the circumstances showed an abandoned and malignant heart.

Whether this verdict was sufficient ground for the judgment of the court, imposing a fine, is a question not presented by this record. No exception was taken by the plaintiff in error to the action of the court, and there is no bill of exceptions in the record. There is, indeed, an entry by the clerk, showing a motion for a new trial was made and overruled, but this motion and the action of the court upon it should have been preserved in a bill of exceptions in order to be reviewed in this court. It is only in this mode that the court below can state the facts connected with the motion and with the action of the court in overruling it. In the case at bar, for example, the defendant, after making his motion for a new trial, may have stated to the court that he would not press it. This would not appear by the entry of the clerk, but would appear if a bill of exceptions were taken. The practice has been uniform to require these motions to be preserved in this mode. This record, then, furnishes us no evidence, of which we can take notice, that a motion for a new trial was made. It only shows that the jury found a verdict which the court treated as sufficiently descriptive of the offense intended to be described, and pronounced sentence thereon, and that the defendant took no exception. If he had desired to preserve the question for examination in

this court, he should have moved to set aside the verdict, and if the motion had been overruled, taken an exception to the ruling of the court. As it is, he must be considered as acquiescing. *Smith* v. *Kahill*, 17 Ill. 67 ; *Miller* v. *Dobson*, 1 Gilm. 572 ; *Boyle* v. *Leverings*, 28 Ill. 317.

The judgment of the Circuit Court must be affirmed.

*Judgment affirmed.*