ROBERT GRAHAM *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa January 25, 1886.*

1. EVIDENCE *in criminal case—as to an offer to settle the matter with the prosecution.* On the trial of two persons upon the charge of robbery, the prosecution asked the prosecutor if he had been approached by anybody in the interest of the defendants, and if he had taken any money to settle the case, to which he replied, "Yes, sir; I took $25 from Mr. H., the uncle of G. (one of the defendants,) in payment of my watch, as I supposed," etc.: *Held,* that the evidence was incompetent, and calculated to prejudice the defendants, and should have been excluded if it had been objected to.

2. PRACTICE—*how to question the admissibility of evidence offered.* If a party desires to raise the question in this court as to the admissibility of evidence offered in the trial court, he should at the time object to its admission, and thereby obtain a ruling of the trial court, and, if adverse, take an exception.

3. BILL OF EXCEPTIONS—*what it should contain—in respect to a motion for a new trial.* A party, in order to assign for error the overruling of his motion for a new trial, must, in his bill of exceptions, show such motion was made in the trial court, the ruling of the court thereon, and his exception thereto. It is not enough that the clerk's record shows these facts.

4. NEW TRIAL—*in a criminal case—on the evidence.* It being the peculiar province of the jury to weigh and consider the evidence, and judge, from the appearance of the witnesses on the stand, their apparent honesty, intelligence and candor, or the want of it, what weight should be given to their testimony, unless this court can see that their finding is so contrary to the evidence as to impress the court with the belief that the verdict is the result of passion or prejudice, it will not be disturbed.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

Mr. S. R. KEOGH, and Messrs. SNOWHOOK, JOHNSON & GRAY, for the plaintiffs in error.

A conviction clearly against the weight of evidence will be set aside.    2 Wharton on Am. Crim. Law, sec. 3110.

The conviction was clearly against the weight of evidence, and the verdict of the jury was wholly unwarranted, and a

new trial should have been granted. *Rafferty* v. *People,* 72 Ill. 37; *Randall* v. *People,* 63 id. 202.

An *alibi* is a good defence when proved beyond a reasonable doubt. *Miller* v. *People,* 39 Ill. 457.

It is as legitimate a defence as any other. *Hopps* v. *People,* 31 Ill. 459; *Creed* v. *People,* 81 id. 565; *Lincoln* v. *People,* 20 id. 364.

It is a principle of criminal jurisprudence that a defendant does not waive any of his rights, and therefore can not be said to consent to the introduction of illegal or improper evidence not objected to in the course of the trial. The evidence introduced by the State's attorney in regard to the payment of $25 to Rogers, the prosecuting witness, was illegal and improper.

Mr. GEORGE HUNT, Attorney General, for the People:

No objection was made to the evidence now complained of. While it is true an accused stands on all his rights, he may waive them. He has the right to object to improper evidence, but if he does not, he will be held to have waived the right. *McKinney* v. *People,* 2 Gilm. 556; *Bulliner* v. *People,* 95 Ill. 401.

The testimony relied on as showing an *alibi,* comes principally from the family and near relatives of defendants, and the jury had a right to take this fact into consideration. To establish an *alibi* the proof must cover the whole time the offence was committed. *Creed* v. *People,* 81 Ill. 565.

When the evidence against the defendant is strong and clear, it devolves on him to prove the *alibi* clearly and satisfactorily. *Garrity* v. *People,* 107 Ill. 162.

When there is a conflict in the testimony of witnesses, it is for the jury to determine to whom they will give credence. *People* v. *McKee,* 92 Ill. 397; *Higgins* v. *People,* 98 id. 519; *Rogers* v. *People,* id. 581.

Mr. JUSTICE TUNNICLIFF delivered the opinion of the Court:

The plaintiffs in error, Robert Graham and Hugh McCue, were convicted, in the Criminal Court of Cook county, of the crime of robbing the prosecutor of his watch.

On the trial the following question was asked the prosecuting witness, viz: "Have you been approached by anybody in the interest of these defendants, and have you taken any money to settle this case?" to which he made the following answer: "Yes, sir; I took $25 from Mr. Hemingway, the uncle of Graham, in payment of my watch, as I supposed. The watch was not mine. It belongs to another man, who left it with me as security for a bill, and I was wearing it that night. He sent for me, and wanted to settle the case." Counsel for plaintiffs in error urge that this evidence was incompetent, and calculated to prejudice their clients with the jury. In this we fully agree with them, but an examination of the record discloses that there was no objection made or exception taken to its introduction. On the contrary, counsel cross-examined the witness concerning the same matter, and also introduced other testimony on behalf of plaintiffs in error, in regard thereto. But having failed to make any objection, and thereby obtain a ruling of the court as to the admissibility of the testimony, and take an exception to its decision, if adverse to them, we are precluded from examining the question. Had objection been made, the court would have doubtless excluded it. As was said by this court in *McKinney* v. *People*, 2 Gilm. 556: "A prisoner on trial, under our laws, has no right to stand by and suffer irregular proceedings to take place, and then ask to have the proceedings reversed on error on account of such irregularities. The law, by furnishing him with counsel to defend him, has placed him on the same platform with all other defendants, and if he neglects in proper time to insist on his rights, he waives them." To the same effect are *Bulliner et al.* v. *People*, 95 Ill. 394, and *Perteet* v. *People*, 70 id. 171.

The judgment is also asked to be reversed because, as is claimed, the jury found contrary to the evidence. We have examined the evidence carefully, and are unable to say that the jury were not authorized to find the verdict they did. The only question regarded the identity of the prisoners, the plaintiffs in error. The prosecuting witness had known one of them personally for eight or ten years, and the other all of the preceding winter. He swears positively to their being the persons who robbed him, and is confirmed by other testimony in the case. Against this, plaintiffs in error swear on their own behalf to their innocence, and offer evidence of their relatives and friends to prove an *alibi.* It was the peculiar province of the jury to weigh and consider the evidence, and judge from the appearance of the witnesses on the stand, their apparent honesty, intelligence and candor, or the want of it, what weight should be given to their testimony; and unless we can see that their finding is so contrary to the evidence as to impress the court with the belief that the verdict is the result of passion or prejudice, we ought not to disturb it.

But even if the verdict was not supported by the evidence, we could not reverse the judgment for that reason, because the bill of exceptions does not show that any motion was made in the court below for a new trial on that account. In fact it does not show that any motion for a new trial was made at all. The transcript shows an entry made by the clerk in his record, of a motion for a new trial by plaintiffs in error, and that it was overruled, and an exception taken; but it does not show on what the motion was based, and if it did, it would not be sufficient, as we have repeatedly held that motions of this kind, and the rulings of the court thereon, and the exceptions, if any are taken, must be preserved by bill of exceptions, and that a mere entry of the same by the clerk on the record will not answer the purpose. In *Daniels* v. *Shields,* 38 Ill. 197, the transcript showed, as a part of the entry of record in the court below, after the formal entry of

judgment, the following: "Thereupon the said plaintiff, by Parks, his attorney, enters his motion for a new trial, which motion is overruled by the court, and to which ruling of the court in overruling his said motion for a new trial, and the judgment of the court aforesaid, the said plaintiff, by his said attorney, then and there excepted," etc. That entry is the same as in this case, and it was there held that it was insufficient, because not embodied in a bill of exceptions. See, also, *Gill* v. *People*, 42 Ill. 321, and *James* v. *Dexter*, 113 id. 654.

The judgment of the court below must be affirmed.

*Judgment affirmed.*