## George L. Richardson v. John E. Grove.

1. APPELLATE COURT PRACTICE—*When the Bill of Exceptions Contains No Motion for a New Trial.*—Where the bill of exceptions contains no motion for a new trial, no points in support of such a motion, and no rulings upon the same or exceptions thereto, the judgment must be affirmed.

2. SAME—*Motions for New Trials Must Be Preserved in a Bill of Exceptions.*—The fact that the clerk copies into the transcript what purports to be a motion for a new trial, the ruling of the court thereon and

the exceptions of the adverse party, is of no effect, as the only mode in which such a motion, ruling and exception can be preserved is by a bill of exceptions.

**Assumpsit,** for broker's services. Trial in the Circuit Court of Lee County, on appeal from a justice of the peace; the Hon. JAMES S. BAUME, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1899. Opinion filed July 20, 1899.

A. C. BARDWELL, attorney for appellant.

E. E. WINGERT, attorney for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was an action, originally brought before a justice of the peace, by appellee, to recover for services alleged to have been rendered by him to appellant as a broker, in procuring a purchaser for a lot in the city of Dixon, Illinois. There was a judgment for appellee for $37.50, and on appeal to the Circuit Court a trial was had before a jury, which gave a verdict for the same amount, and judgment was entered therefor.

It appears from the evidence in the case that one Huguet desired to purchase the lot in question and authorized Grove, who was engaged in the real estate business, to offer the owner $1,500 for it. Appellee at once notified appellant, who was the owner of the fee in the lot, that he had a purchaser for the same, and the price offered for it. There is a conflict in the evidence as to what occurred in the conversation between the parties, which took place over the telephone. Appellee claims that appellant accepted the proposition, assented to the payment of $37.50 as commissions to appellee for making the sale, and agreed to come up the following day and close the deal. Appellant, on the contrary, while admitting that the price was satisfactory, denies that he unconditionally agreed to sell the property, but asserts that he told appellee he did not know whether he could sell it, as his mother had a life lease on it, but that he would consult her and see how she felt about it. After-

ward through the efforts of appellee, appellant and Huguet came together, and as Huguet testified, an arrangement was entered into between them, by which Huguet was to purchase the premises for the sum of $1,500, subject to the lease of appellant's mother, and was on his part to receive certain concessions as to the time of payment.

Appellant, however, afterward refused to consummate the trade because, as he alleged, his mother was opposed to it, although Huguet appears to have been ready and willing to carry out his part of it.

It is contended by appellant that the judgment in this case is not sustained by the evidence, and that the court erred in reference to certain instructions.

The judgment must be affirmed, for the reason that the bill of exceptions contains no motion for a new trial, no points in support of such motion, no ruling upon the same and no exception thereto. It is true that the clerk has copied into the transcript what purports to be a motion for a new trial, the ruling of the court thereon, and the exception taken by appellant. This, however, is not sufficient, as the only mode in which such motion, ruling and exception can be preserved is by a bill of exceptions. Harris v. The People, 130 Ill. 457.

We have examined the record in this case carefully, and are of opinion that there is no material question involved but that of fact, and a majority of the court are of the opinion that the evidence fully sustains the judgment. Judgment affirmed.