## Jacob Glos v. James W. McKee.

1. APPEALS—*Where No Question is Presented by the Record Which Can be Reviewed.*—Where, in a case tried by a jury, the bill of exceptions does not state who offered the instructions, and contains no exceptions to the action of the court upon them, and no motion for a new trial, nor action of the court thereon, nor exception thereto, and no exception to the judgment, no question growing out of the trial is presented for review.

Appeal from the Circuit Court of Du Page County; Hon. GEORGE W. BROWN, Judge, presiding. Heard in this court at the April term, 1900. Affirmed. Opinion filed October 8, 1900.

J. F. SNYDER, attorney for appellant.

S. L. RATHJE and BOTSFORD, WAYNE & BOTSFORD, attorneys for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

In 1897 James W. McKee was county treasurer and *ex officio* county collector of Du Page county. At a tax sale held by him on June 16, 1897, he sold a certain lot in Elmhurst to Jacob Glos for an unpaid installment of each of two special assessments, and issued to him certificates of said purchase. Within three years thereafter Glos brought this suit against McKee before a justice of the peace, claiming that on the day before said sale he had paid said special assessments to McKee; that he had demanded double the purchase money from McKee, and that the latter had neglected and refused to pay him. He sought to recover the penalty provided by section 268 of the revenue act. On a trial of the cause in the Circuit Court before a jury, on an appeal from the justice, a verdict was returned for defendant, and a judgment was rendered against plaintiff thereon, from which he appeals to this court.

The main question in dispute is one of fact. Plaintiff claims he paid the special assessments the day before the

sale in support of a purchase of said lot by him at a tax sale in 1896. Defendant claims plaintiff, the second day before the sale, expressed himself in doubt whether he would pay these special assessments; that the day before the sale he said he had concluded to pay them, and directed receipts to be made out for him, and they were made out and handed to him, and payment noted on the delinquent list, and the fact of payment by plaintiff noted on the county clerk's records in the same room, but that plaintiff did not in fact make payment; that the morning of the sale, but before the sale was opened, plaintiff notified defendant he had concluded not to pay, and directed cancellation of the memoranda of payment on the delinquent list, and that the same were so canceled pursuant to his direction, and that a notation was made in pencil that the lot was to be sold to plaintiff, but that in the hurry and confusion of tax-sale day defendant and his assistants forgot to take back the receipts issued to plaintiff the day before. The owner of the property afterward redeemed in the county clerk's office, and the record there not having been changed, he paid what the record showed plaintiff had paid upon said special assessments, with the proper penalty, and plaintiff afterward received that sum from the county clerk. Plaintiff was a dealer in tax titles, and paid defendant several thousand dollars that summer for purchases at tax sales and for taxes on real estate purchased by plaintiff at previous tax sales. Plaintiff claims the evidence that he did pay these special assessments on the lot in Elmhurst so greatly preponderates in his favor that the judgment should not stand, and also that the court erred in rulings against him upon the evidence and instructions.

The bill of exceptions contains the evidence. Then follow certain legal propositions, with the word " given " or " refused " upon the margin of each, and then the certificate of the trial judge to the bill of exceptions. There is no statement that either plaintiff or defendant offered these propositions. No exception is preserved to any action of the court upon them. No motion for a new trial is con-

tained in the bill of exceptions, nor the ruling of the court thereon, nor any exception thereto. In causes tried by a jury the bill of exceptions must show a motion for a new trial, that it was overruled and an exception taken to that ruling, before an Appellate Court can consider any question raised by such motion and exception. (James v. Dexter, 113 Ill. 654; Graham v. People, 115 Ill. 566; East St. Louis Electric Ry. Co. v. Cauley, 148 Ill. 490.) We are not called upon to determine whether, without a motion for a new trial, an exception to the judgment would preserve for our consideration exceptions taken to rulings upon the admission of evidence, for no exception to the judgment appears in this bill of exceptions. The judgment is affirmed.