### Sarah A. Dolph v. Jeremiah H. Sullivan et al.

#### Gen. No. 12,620.

1. MOTION FOR NEW TRIAL—*how should be shown to entitle review.* In order to obtain a review of the correctness of a verdict, it is essential that a motion for a new trial be made, exception thereto taken, and a record of such motion and exception preserved in the bill of exceptions; a preservation of such matters in the record proper is not sufficient.

Action commenced before justice of the peace. Appeal from the County Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed October 29, 1906. Rehearing denied November 15, 1906.

HENRY L. WILSON and F. P. READ, for appellant.

COBURN & CASE, for appellees.

MR. JUSTICE. ADAMS delivered the opinion of the court.

The appellant sued appellees in forcible detainer before a justice of the peace, with the result that the justice rendered judgment against appellant for costs, on the verdict of not guilty by a jury. The appellant appealed from that judgment to the County Court, with the same result, and from the County Court to this court. The argument of counsel for appellant is wholly directed to the merits of the case. Counsel for the appellees object that the bill of exceptions does not show any motion for a new trial. On examination of the record and abstract we find this objection sustained. In the record proper, or common law record, it is recited that the plaintiff moved for a new trial, but this is not sufficient. In Harris v. The People, 130 Ill. 57, it appeared from the record proper, as in the present case, that a motion for a new trial had been made, but there was no bill of exceptions, in respect to which the court say: "According to , practice which has been uniformly observed in this state, the only mode in which a motion for a new trial, and the rulings of the court thereon, can be preserved in the record, is by bill of exceptions, and where there is no bill of exceptions the record furnishes no evidence of which the court can take notice that a motion for a new trial was made or decided. Gill v. The People, 42 Ill. 321; McClurkin v. Ewing, id. 283; Daniels v. Shields, 38 id. 197; Nason v. Letz, 73 id. 371. The fact that the clerk has seen fit to copy into the transcript a document which purports to be a motion for a new trial can in no way avail the defendant."

It is thoroughly settled, by numerous decisions of this and the Supreme Court, that unless the bill of exceptions contains a motion for a new trial, the ruling of the trial court thereon and exceptions thereto, the cause cannot be reviewed on its merits. James v. Dexter, 113 Ill. 654; Graham v. The People, 115 id.

558; E. St. L. Elec. R'd Co. v. Cauley, 148 id. 490; Richardson v. Grove, 84 Ill. App. 26.

A motion of appellees to strike the bill of exceptions from the record was reserved to the hearing. The motion is denied.

On the record before us we cannot do otherwise than affirm the judgment, and it will be affirmed.

*Affirmed.*