## B. A. L. Thomson v. A. H. Patek et al.
## Gen. No. 13,658.

APPEARANCE—*when not general.* *Held,* under the facts of this case, that the appearance of the defendants made in connection with a motion to set aside a judgment was not general so as to preclude the urging of jurisdictional questions and did not confer validity upon a judgment otherwise void.

Replevin. Appeal from the Circuit Court of Cook county; the Hon. John Gibbons, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1907. Affirmed. Opinion filed January 14, 1908.

**Statement by the Court.** Appellant Thomson commenced an action of replevin in the Circuit Court August 14, 1901, against appellees and others. October 11, 1901, Willis E. Thorne filed an appearance on behalf of all the defendants who are still parties to the suit, and on the same date he filed a demurrer to the original declaration. October, 28, 1901, the plaintiff filed an amended declaration in trover, under leave of court theretofore granted.

About five years later, October 29, 1906, by agreement in open court, the demurrer to the declaration was overruled, and the defendants were ruled to plead within two days. November 14, 1906, a default was entered as to all remaining defendants for failure to plead, a jury was sworn to assess plaintiff's damages, and the damages were assessed at $3,581. Upon the verdict so rendered the court entered judgment.

On November 17, 1906, the last day of the October term, a motion to vacate the judgment of November 14, 1906, was entered by the defendants and continued. This motion, though made apparently by all the defendants, was afterwards supported by the attorneys for the defendants Patek and Barry.

November 20, 1906, the second day of the November term, another motion was entered to vacate the judg-

ment, also, on behalf of all the defendants, signed by Moran, Mayer & Meyer, attorneys for the Lincoln Warehouse & Van Company.

In support of these motions certain affidavits were filed and read on the hearing of the motions. The grounds of the motions were (1) that the defendants had never been served with process, and (2) that their appearance had been entered without their knowledge or authority, and consequently the court had no jurisdiction of the defendants.

On the hearing of the motion the court vacated the judgment. Pleas were filed and issues formed, and on motion of the plaintiff's attorneys the case was set for trial on a day certain; and when the case was called for trial, the plaintiff failing to prosecute, the suit was dismissed for want of prosecution.

Counsel for appellant say in their brief that the case is brought to this court for the purpose, primarily, of having the action of the lower court in vacating the judgment reviewed.

GEORGE I. HAIGHT and THOMAS M. HEADEN, for appellant.

MORAN, MAYER & MEYER, for appellees.

MR. JUSTICE SMITH delivered the opinion of the court.

That the court below had power to vacate the judgment after the term had gone by, because of the unauthorized appearance of the defendants entered by Thorne, is fairly and properly conceded by counsel for appellant. They insist, however, that the showing of want of authority to enter the appearance of defendants should be very clear and almost conclusive. Appellant's counsel likewise concede that if a judgment is set aside as to one, it must be set aside as to all defendants. It is unnecessary, therefore, for us to discuss these questions of law presented in the briefs.

Two facts are relied upon to support the action of

the court in vacating the judgment: First, that the defendants have a meritorious defense to the action; and second, that the entry of the appearance of the defendants in the case was wholly unauthorized. To these grounds the affidavits filed and read on the hearing are directed.

Upon an examination of the affidavits we think they show both of the grounds indicated above with sufficient clearness and strength of proof to justify and warrant the court in finding that the appearance of the defendants was entered without their knowledge, acquiescence or authority, and that the defendants had a good and meritorious defense to the plaintiff's cause of action.

It is urged, however, in behalf of appellant, that by the entry of a general appearance, and by the insistence upon non-jurisdictional as well as jurisdictional grounds in support of their motion to vacate, appellees thereby validated the judgment, although the same was originally void. In support of this contention, counsel cite several authorities.

We find no sufficient basis in the record, however, for the contention. The motions to vacate the judgment do not request any amendments of the record, nor do they seek to do anything beyond the vacation of the judgment for want of jurisdiction. The affidavit of Thorne in support of the motions affords no basis for the finding in the order of October 29, 1906, regarding the action of the court on the demurrers to the original declaration, and the giving to the defendants leave to plead. The mere fact that the order vacating the judgment contained such an immaterial finding does not, in our opinion, afford sufficient ground for holding that appellees took grounds before the court inconsistent with the contention of want of jurisdiction of the court over the persons of appellees, and thereby made the appearance of the appellees, under the authorities cited, a general appearance in the case. The cases of Ryan v. Driscoll, 83 Ill. 415, and Gil-

christ Trans. Co. v. Northern Grain Co., 107 App. 531, are clearly distinguishable from the case at bar in their facts. In the first case the defendants, after default, appeared and participated in the proceedings on the inquest of damages. In the second case the jurisdiction of the court was not questioned or denied. In our opinion the void judgment against appellees, for want of jurisdiction over them, was not validated by their motion to vacate it. Grace v. Casey-Grimshaw Marble Co., 62 Ill. App. 149; Klemm v. Dewes, 28 Ill. 317; Godfrey v. Valentine, 39 Minn. 336; Blackburn v. Sweet, 28 Wis. 578; Shaw v. Rowland, 32 Kan. 154; Boals v. Shules, 29 Iowa 507; National Bank v. Grimes, 45 Kan. 510.

We find no error in the record and the order is accordingly affirmed.

*Affirmed.*