THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES MORITZ *et al.* Plaintiffs in Error.

*Opinion filed February 19, 1909.*

APPEALS AND ERRORS—*when the Supreme Court cannot consider question of preponderance of evidence in criminal case.* In order to present to the Supreme Court the question whether a verdict in a criminal case is against the preponderance of the evidence it is necessary for the defendant to make a motion for a new trial, except to the ruling denying the motion and preserve that exception by the bill of exceptions, and it is not sufficient that the clerk, in writing up the judgment, recites the denial of the motion and the taking of an exception.

WRIT OF ERROR to the Circuit Court of Lawrence county; the Hon. E. E. NEWLIN, Judge, presiding.

GEE & BARNES, and J. E. McGAUGHEY, for plaintiffs in error.

W. H. STEAD, Attorney General, and T. H. CUNNINGHAM, State's Attorney, (JOEL C. FITCH, of counsel,) for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Plaintiffs in error, who are young men, were jointly indicted and convicted in the circuit court of Lawrence county of the crime of rape upon the person of Matilda Shoup, a young unmarried woman. She testified that upon a September night, in an unfrequented country road, in Lawrence county, both of plaintiffs in error, one immediately after the other, by force and against her will, had sexual intercourse with her, and that each one of them assisted in holding her while the other had carnal knowledge of her. Certain facts and circumstances appear in evidence from her testimony and from the testimony of others than the accused, which the jury, without doing violence to the law of evidence or the rules of logic, could have concluded cast doubt upon the essential portion of the evidence given by her upon the stand. Her testimony, however, if it stood uncontradicted in the record, would be sufficient to sustain a conviction. The accused both testified. They admitted that they had sexual intercourse with her in the road and on the night in question, but stated that she consented, and, in fact, that she made no objection. The testimony of each of these men showed him to be utterly depraved and was otherwise of such a nature that it is not surprising the jury refused to give credence thereto. The case has been twice tried. In both instances the jury elected to believe the woman and to disbelieve the men and returned a verdict of guilty. Upon the first occasion a new trial was awarded,

but in the second instance, after the denial of a motion for a new trial, sentence was imposed in accordance with the verdict and this writ of error resulted.

Plaintiffs in error urge that the verdict is contrary to the evidence, and no other assignment of error is presented by their brief and argument. Counsel for defendant in error say that this question cannot be considered, for the reason that plaintiffs in error did not by their bill of exceptions preserve an exception to the action of the court in denying the motion for a new trial. We find, upon examination, that the motion for a new trial appears in the bill of exceptions, but there is therein no exception to the denial of that motion by the court. In order to present to this court the question whether a verdict is against the evidence it is necessary for the party against whom the verdict passes to make a motion for a new trial, and upon the motion being overruled, to except to such ruling and to preserve that exception by the bill of exceptions. (*Graham* v. *People,* 115 Ill. 566; *Steffy* v. *People,* 130 id. 98; *Bruen* v. *People,* 206 id. 417; *Yarber* v. *Chicago and Alton Railway Co.* 235 id. 589.) In this case the clerk, in writing up the judgment, recited in the entry thereof in the court record the denial of the motion for a new trial and the exception of the plaintiffs in error to the denial of the motion. But that avails nothing. Such an exception cannot be made to appear in that manner. It can only be preserved by the bill of exceptions. (*Graham* v. *People, supra; Steffy* v. *People; supra; Bruen* v. *People, supra.*) The question whether the conflicting statements of the prosecutrix on one side and of plaintiffs in error on the other side should be submitted to a third jury on the theory that the second verdict is against the evidence is not presented for our consideration in the only manner in which it could be lawfully brought before us.

Accordingly the judgment of the circuit court will be affirmed.

*Judgment affirmed.*