## Thomas Gardner, Appellee, v. Chicago, Lake Shore & Eastern Railway Company, Appellant.

### Gen. No. 5202.

1. APPEALS AND ERRORS—*when sufficiency of evidence not saved for review.* The sufficiency of the evidence to sustain the amount of the judgment or the determination of the jury upon the questions of contributory negligence and assumed risk is not saved for review if such questions were not urged in the motion for a new trial and an exception preserved to the ruling of the court on such motion.

2. APPEALS AND ERRORS—*when exception not properly preserved.* The record written by the clerk showing that a motion for a new trial was overruled and that an exception was preserved thereto is not sufficient; both of such matters in order to be duly preserved must be supplied by incorporation in the bill of exceptions.

3. TRIAL—*when remarks of counsel not ground for reversal.* A remark of counsel to the effect that he was not going to ask for any instruction is not ground for reversal if made in response to a question by the court and if not an intentional violation of the rules of practice.

4. EVIDENCE—*competency of proof as to surroundings of accident.* It is proper to show the surroundings and location of the place where an accident occurred and also the conditions prevailing at such place at the time of the accident.

5. INSTRUCTIONS—*approved form upon duty to inspect brakes.* An instruction upon this subject as follows, approved.

"It is conceded in this case that when plaintiff pulled on the rod it came, but that does not alone make defendant liable. If you find from the evidence, that in the exercise of ordinary care the defendant could not have known of the condition of the rod and its attachment, then you will find the defendant not guilty."

Action in case for personal injuries. Appeal from the Circuit Court of Will county; the Hon. FRANK L. HOOPER, Judge, presiding. Heard in this court at the April term, 1909. Affirmed. Opinion

Gardner v. Chicago, Lake Shore & E. Ry. Co., 154 Ill. App. 178.

filed March 11, 1910. Opinion modified and refiled, rehearing denied April 13, 1910. *Certiorari* denied by Supreme Court (making opinion final).

GARNSEY, WOOD & BEYE, LENNON & WILLIAM, for appellant; KNAPP & CAMPBELL, of counsel.

DONAHOE, MCNAUGHTON & MCKEOWN, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Thomas Gardner brought a suit in case against the Chicago, Lake Shore and Eastern Railway Company to recover damages for personal injuries sustained by him while in its employ. The declaration contains several counts alleging that the defendant negligently failed and neglected to exercise reasonable care in the inspection of certain cars, brakes, appliances and attachments thereof before the plaintiff was required to handle the same, whereby a certain rod and part of the brake system was suffered to be and remain insecurely attached to other parts of said brake system, and that the plaintiff, while in the exercise of ordinary care for his own safety and in the performance of his duty, pulled said rod to release the air from the brake and said rod pulled away from the car, whereby he fell thirty feet and was injured. Plaintiff recovered a verdict for $15,000 upon which judgment was rendered and the defendant appeals.

The evidence shows that on April 30, 1907, Thomas Gardner was a switch foreman in the yards of the appellant company adjacent to the works of the Illinois Steel Company; that the appellant company delivered coal and iron ore to the Steel Company; that a track on which cars loaded with material were delivered to the Steel Company was on a trestle or elevated platform about thirty feet above the surface of the ground, and was known as the Tonica or High Line. It was a rule of the company that cars delivered over this line to the Steel Company should be inspected by the com-

pany's inspector before being placed on the High line, and if any defects were discovered it was the duty of the inspector to place a bad order card on the car and mark with chalk the particular part of the car found defective. On the night of April 29th a train consisting in part of new Union Pacific cars loaded with iron ore, was switched into the yards of the company, and the cars were placed on the High line a little before midnight. When an engine equipped with air is attached to the train the brakes are controlled from the engine. When the engine is not equipped with air, the brakes are released by releasing the air on the train by hand. This was done by pulling a rod attached to the valve on the air cylinder, thereby permitting the air to escape, and is called bleeding the car; each car must be bled separately. There was a sidewalk twenty inches wide, consisting of planks resting on long ties which extended beyond the rails a sufficient distance to carry the walk along the side of this elevated track for the accommodation of switch and train men, but there was no guard rail by the sidewalk for the protection of the men. This High line was close to the Steel Works and in a noisy and dark place due to the noise and smoke from the furnaces. The place was so noisy that it could not be determined by the sense of hearing that the release valve was operating while the rod was being pulled; the hissing noise of the escaping air was destroyed by the noise of the blast furnaces, so that the switchman, when releasing the air by pulling the rod, had to watch the piston in the brake cylinder to see if the air escaped. Appellee in the performance of his duty had released the air from two Union Pacific cars; he stepped to the third Union Pacific Car, pulled the rod, and it pulled out causing him to lose his balance and fall from the top of the High line to the ground below, breaking both his legs.

Appellant has argued that the case should be reversed for the following reasons: (1) that the ver-

dict and judgment cannot be sustained upon the evidence; (2) that the appellee was injured because of an assumed risk or of his own contributory negligence; (3) that just preceding the arguments in the case the presiding judge asked counsel for appellee, ''Have you your instructions ready Mr. McNaughton?'' and he replied, ''I am not going to ask for any instructions''; (4) that the verdict is excessive; (5) that the court erred in the admission of evidence, and (6) that the court erred in modifying an instruction asked by the appellant.

The bill of exceptions in this case does not contain any ruling of the trial court upon the motion for a new trial nor any exception to any ruling concerning the motion for a new trial; neither does it contain any reference to the judgment or exception to the judgment. In order for the appellant to raise any question concerning the sufficiency of the evidence to sustain the amount of the judgment, or the question of contributory negligence and assumed risk, or that the judgment is excessive, the question should each of them have been urged in the motion for a new trial and an exception preserved to the ruling of the court. The record proper of the clerk shows that the motion for a new trial was overruled and that the appellant excepted thereto, but that cannot take the place of an exception in a bill of exceptions. Yarber v. C. & A. Ry. Co., 235 Ill. 589; People v. Moritz, 238 Ill. 494; Daniels v. Shields, 38 Ill. 197; City of Toluca v. Arnold, 108 Ill. App. 584; Dolph v. Sullivan, 129 Ill. App. 245. ''In order to present to this court the question as to whether a verdict is against the evidence, it is necessary for the parties against whom the verdict passes to make a motion for a new trial, and upon the motion being overruled, to except to such ruling and to preserve that exception by the bill of exceptions. In this case the clerk, in writing up the judgment, recited in the entry thereof in the court record, the denial of the motion for a new trial and the exception

of plaintiffs in error to the denial of the motion. But that avails nothing. Such an exception cannot be made to appear in that manner. It can only be preserved by the bill of exceptions." People v. Moritz, *supra;* Yarber v. C. & A. Ry. Co., *supra.*

With reference to the remark of counsel that he was not going to ask for any instructions, it was made in response to the question of the court. It was not an intentional violation of the rules of practice, and it was neither addressed to the jury nor intended for them. The court ruled on the objection of counsel in their favor, and as there is no exception to overruling the motion for a new trial we think this question is not saved for review.

During the trial plaintiff was asked, "What class of switchmen with reference to energy and activity are assigned to duty on the High line?" He answered, "Why they generally pick out the best men they can find and put him up there in order to do that work. It has all to be done quick." Appellant moved to exclude the answer and the court excluded the first sentence of the answer. There was no objection to the question and we see no objection to the part of the answer that was permitted to remain. It was simply a description of the work.

It was further contended that the court erred in admitting evidence concerning the noise and smoke of the furnaces of the Steel Company to go to the jury. It was proper that the surroundings and location of the High line and the appellee at the time of the accident should be given to the jury; there was no error in its admission. C. & E. I. Ry. Co. v. Beaver, 199 Ill. 34.

During the examination of the witnesses Hugh Gowran and Robert M. Gray, the court was asked to exclude their evidence as to the operation of the Westinghouse and New York air brake systems on the ground that there was no evidence showing that either of these systems was on the car in question. There

was involved in the case the question of how to properly bleed cars by hand. They testified as experts upon air brakes and the proof is that there is no other system used except the New York or Westinghouse air brake systems upon freight cars at the present time, and that they are operated in the same manner. There was also evidence by three other witnesses on the same question, concerning which no motion was made to exclude. We find no reversible error in ruling upon the admission of testimony.

It is also argued that the court improperly modified an instruction asked by the appellant. The instruction asked was:

"It is conceded in this case that when plaintiff pulled on the rod it came, but that does not alone make defendant liable. If you find from the evidence that there was no reason, in the exercise of ordinary care, why the defendant should have known of the condition of the rod and attachment, if any, then you will find the defendant not guilty."

The court modified the instruction to read as follows:

"It is conceded in this case that when plaintiff pulled on the rod it came, but that does not alone make defendant liable. If you find from the evidence, that in the exercise of ordinary care the defendant could not have known of the condition of the rod and its attachment, then you will find the defendant not guilty."

The instruction as presented was misleading and adroitly intended to withdraw from the consideration of the jury the fact that the appellant owed to appellee the duty of inspecting the brakes. The instruction as given to the jury is an accurate statement of the law, and was liable to mislead as asked. The appellant has no just cause of complaint in the modification. But further, said modification is not assigned for error, and there being no exception to the denial of the motion for a new trial, the question is not in any way presented for review. The assignment that the court erred in overruling the motion for a new

trial preserves no question for review where no exception to the denial of the motion for a new trial is preserved in the bill of exceptions. The judgment is affirmed.

*Affirmed.*