THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in
  Error, *vs.* LLOYD M. FAULKNER, Plaintiff in Error.

*Opinion filed December 21, 1910—Rehearing denied Feb. 10, 1911.*

1. APPEALS AND ERRORS—*when Supreme Court cannot consider
sufficiency of evidence to support verdict.* The Supreme Court can
not consider the question of the sufficiency of the evidence to sup-
port the verdict unless the motion for new trial, the ruling of the
court upon the motion and an exception to such ruling are incor-
porated in the bill of exceptions, and it is not sufficient that the
clerk, in writing up the judgment, recites the denial of a motion
for new trial and an exception thereto.

2. SAME—*question of variance cannot be first raised on appeal.*
The question of a variance between the indictment and the proof
in a criminal case cannot be raised in a court of review where it
was not raised in any manner in the trial court.

3. SAME—*when action of court in refusing instructions is not
open for consideration by Supreme Court.* The Supreme Court is
required to consider only such questions as are preserved and pre-
sented in the manner required by law, and hence if the abstract of
record contains a list of instructions without indicating on whose
behalf any of them were asked and without noting any exception
to the giving or refusing of them, alleged error in refusing instruc-
tions on behalf of plaintiff in error is not open to review.

4. SAME—*action on evidence is reviewable though motion for
a new trial, the ruling and exception are not in bill of exceptions.*
The action of the trial court in admitting certain evidence in a
criminal case, over the defendant's objection, is open to review in
the Supreme Court if exceptions were properly preserved, even
though the motion for new trial, the ruling thereon and exception
to the ruling are not preserved in the bill of exceptions.

5. EVIDENCE—*when letters and telegrams are admissible in con-
fidence game prosecution.* In a prosecution for obtaining money
by means of a confidence game carried on through the medium of
fictitious letters and telegrams, if the complaining witnesses tes-
tify that the letters and telegrams were shown to them by the de-
fendant and were used by him in furtherance of his scheme they
are admissible in evidence.

6. CRIMINAL LAW—*when improper question by the court is not
ground for reversal.* In a prosecution for a confidence game car-
ried on by means of fictitious letters, if a stenographer who had
copied some of the letters for the defendant is testifying to that
fact, it is improper for the court to ask whether it did not strike

her as rather strange that the same man was writing all the letters on different letter-heads of various hotels; but the question is not ground for reversal where the witness answered in the negative and where three other witnesses testified that the defendant admitted to them the letters were not genuine.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

JOHN W. CREEKMUR, and SILAS H. REID, for plaintiff in error.

W. H. STEAD, Attorney General, JOHN E. W. WAYMAN, State's Attorney, and JOEL C. FITCH, (ROBERT E. CROWE, of counsel,) for the People.

Mr. JUSTICE COOKE delivered the opinion of the court:

The plaintiff in error was indicted and convicted, in the criminal court of Cook county, for the crime of obtaining money from one Stephen G. Skinner by means of the confidence game. He did not offer any testimony in his own behalf on the trial and the case was given to the jury upon the evidence offered upon behalf of the People. The evidence of the People proved that plaintiff in error, by means of letters which he had written himself and to which he had signed the name of F. A. Andrews, a fictitious person whom he represented to be a man of large means who lived in the city of New York, procured from Charles H. Aldrich, of Chicago, who was interested in an irrigation project on the San Rafael river, in Idaho, a contract whereby Aldrich agreed to pay to plaintiff in error one-fifth of all profits which Aldrich would receive if the plaintiff in error should within thirty days secure the capital to finance the irrigation project. By means of the same fictitious letters, together with the Aldrich contract, plaintiff in error induced Skinner to agree to join with him in the organization of a corporation for the purpose of engaging in the brokerage business,

by the terms of which agreement Skinner was to advance the sum of $1500, and plaintiff in error was to assign to the corporation the Aldrich contract and devote his time to the securing of the necessary capital to finance the irrigation project, which he represented could be secured from the fictitious personage, Andrews, and the profits arising from the deal were to be equally divided between plaintiff in error and Skinner. The incorporation of the company, although attempted, was never effected, but Skinner deposited in a bank in Chicago the sum of $1500 to the credit of Faulkner & Skinner, to be used as expense money in procuring Andrews to finance the San Rafael irrigation scheme. This money, together with as much more which had been deposited from time to time by Skinner on the representations of the plaintiff in error that the matter of closing up the deal with Andrews was progressing nicely and that the money was needed for expenses, was all drawn out of the bank by plaintiff in error and appropriated by him to his own use. In the meantime, by clever manipulation of fictitious letters and telegrams, plaintiff in error had secured an extension of his contract with Aldrich, and upon Aldrich finally becoming suspicious and starting an investigation as to the genuineness of one of the telegrams which plaintiff in error represented had been received from Monterey, New Mexico, plaintiff in error confessed to Aldrich and Skinner that no such person as Andrews existed and that his whole scheme had been fraudulent. He has sued out a writ of error for the purpose of having the record of the criminal court reviewed, and contends that the evidence is not sufficient to support the verdict; that there is a variance between the indictment and the proof, and that the court erred in refusing to give certain of the instructions offered on the part of the plaintiff in error.

Counsel for the defendant in error say that the question whether the evidence is sufficient to support the verdict is not open for review here, for the reason that no motion for

a new trial appears in the bill of exceptions, and that there is not preserved in the bill of exceptions an exception to the action of the court in denying the motion for a new trial. We cannot consider the question of the sufficiency of the evidence to support the verdict except when the motion for a new trial, the ruling of the court upon the motion and the exception to the ruling of the court are incorported in the bill of exceptions. "In order to present to this court the question whether a verdict is against the evidence it is necessary for the party against whom the verdict passes to make a motion for a new trial, and upon the motion being overruled to except to such ruling and to preserve that exception by the bill of exceptions." (*People* v. *Moritz,* 238 Ill. 494; *Yarber* v. *Chicago and Alton Railway Co.* 235 id. 589.) An inspection of the court record discloses that the clerk, in writing up the judgment, recited the denial of a motion for a new trial and the exception of the plaintiff in error to such denial. Such an exception cannot be made to appear in that manner. It can only be preserved by the bill of exceptions. *People* v. *Moritz, supra; Bruen* v. *People,* 206 Ill. 417; *Steffy* v. *People,* 130 id. 98.

As to the question of variance, we find from the record that that question was not raised in the trial court, and therefore could not properly be raised here for the first time if the record were in other respects sufficient. *Alford* v. *Dannenberg,* 177 Ill. 331; *Greene* v. *People,* 182 id. 278.

The abstract contains a list of instructions, without indicating on whose behalf any of them were asked and without noting any exception to the giving or refusing of any of them. For this reason we are unable to review the action of the court in refusing to give any instruction asked on the part of plaintiff in error. The questions thus sought to be presented for review can only be considered by us when preserved and presented in the manner required by law. We have, however, examined this record and find that plaintiff in error had a fair trial and that the evidence is

248 — 11

sufficient to sustain the verdict. We have also examined all the instructions appearing in the abstract and noted as refused, and we find that the same were all properly refused, and we would hold that no error had been committed by the court in refusing any of these instructions if that matter were properly before us.

Plaintiff in error urges that the trial court erred in admitting certain evidence over his objection. When exceptions are preserved to the rulings of the court on the admission of evidence, such rulings are open for review although no motion for a new trial and no exception to the ruling of the court on such motion are preserved in the bill of exceptions. *Yarber* v. *Chicago and Alton Railway Co. supra.*

It is first contended that the court improperly admitted in evidence certain letters, envelopes and telegrams, on the ground that they were not identified or marked as exhibits and that they were not competent as evidence. While many of these papers were not marked as exhibits, they all appear in the bill of exceptions as the documents admitted in evidence, and each was identified by various of the witnesses by reference to its contents and the date it bore. As Skinner and Aldrich testified that the letters and telegrams admitted in evidence were shown them by plaintiff in error and were used by him in furtherance of his scheme, they were properly admitted in evidence.

It was shown that plaintiff in error had employed various stenographers in Chicago to copy the letters purporting to have been written by Andrews, on the letter-heads of the leading hotels of New York, Boston, the City of Mexico, and other cities. These stenographers were called as witnesses, and during the examination of one of them the court asked her, "Did it strike you as being rather strange that the same man was writing all these letters on different letter-heads of various hotels?" This question of the court was objected to by plaintiff in error. The objection was over-

ruled, an exception noted, and the witness answered that it did not. This is assigned as error, and it is urged that by asking the question the court conveyed to the jury his opinion that the plaintiff in error was guilty. The question was improper and the objection to it should have been sustained, but in view of all the testimony this action of the court does not constitute reversible error. At most it only called for the opinion of the witness as to the genuineness of the letters, and it was proven by three other witnesses that plaintiff in error admitted the letters were not genuine.

Plaintiff in error contends that the court made improper remarks during the argument of the case to the jury, but these remarks, if made, are nowhere preserved in the record.

Finding no reversible error in the matters properly presented for review, the judgment of the criminal court is affirmed.

*Judgment affirmed.*