## Hayes Pump & Planter Company, Appellee, v. T. S. Vickers, Appellant.

1. APPEAL AND ERROR, § 966*—*what errors considered on appeal.* A court of review will consider only errors based on the record filed in the reviewing court.

2. APPEAL AND ERROR, § 711*—*what matters not part of record on review.* Matters not included in the bill of exceptions which is signed and sealed by the trial judge are not part of the record on review.

3. APPEAL AND ERROR, § 800*—*when objection that verdict against weight of evidence not considered.* The objection that a verdict is against the manifest weight of the evidence will not be considered by a court of review where the bill of exceptions does not include the motion for a new trial and the ruling thereon, such motion and ruling being necessary to raise such objection on review.

Appeal from the Circuit Court of Pope county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 1, 1915.

CHARLES DURFEE, for appellant.

JOHN W. BROWNING, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

This was an action in assumpsit brought by appellee, Hayes Pump & Planter Company, against T. S. Vickers, to recover the purchase price of certain agricultural implements sold by appellee to T. S. Vickers, a retail dealer in agricultural implements. The amount claimed to be owing is $269.24.

The consolidated common count only was filed. Appellant filed a plea of the general issue, with notice of special matter of defense. A trial was had, finding for the appellee, and judgment was rendered for appellee in the sum of $193.24. From that judgment this appeal was taken.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appellant contends, first, that the verdict of the jury was not sufficiently certain to warrant the court in entering judgment thereon; second, that said purported verdict and judgment is contrary to the manifest weight of the evidence.

It is a fundamental principle of law in this State that in courts of review only those errors can be considered which are based upon the record filed in the reviewing court. This principle is so well recognized that it needs no citations of authority to support it. The record in this case as filed wholly fails to bring before this court the verdict of the jury, the instructions of the court, the motion for a new trial, the ruling of the trial court on said motion. The bill of exceptions as signed by the trial judge includes the evidence taken on the hearing, but does not include the instructions, the verdict of the jury, the motion for a new trial and the ruling of the trial court thereon. Following the certificate of the trial judge are certain purported instructions, purported verdict of the jury and certain amplified minutes of the clerk showing hearing of the cause, the motion for new trial and the ruling on the same, a motion in arrest of judgment and ruling on the same. However, it has frequently been held by the courts of this State that in order to make these matters of record it is necessary that they be included in the bill of exceptions, and be signed and sealed by the trial judge.

The purported verdict complained of and which as it appears from the minutes of the clerk is as follows: "We the jury find the issue for the plaintiff and assess the plaintiff's damages at 193.24," and it is contended by appellant that this verdict is insufficient, because the dollar sign is not placed in front of the figures. The trial court treated said verdict as a verdict for $193.24, and entered judgment accordingly.

The verdict is not properly before us by reason of the fact that it was not included in the bill of exceptions, and we therefore express no opinion as to the

sufficiency of the same. *East St. Louis Elec. St. R. Co. v. Cauley,* 148 Ill. 490; *James v. Dexter,* 113 Ill. 654; *Graham v. People,* 115 Ill. 566.

Appellant's contention that the verdict is against the manifest weight of the evidence cannot be considered by this court for the reason that the bill of exceptions, as above set forth, does not include the motion for a new trial and the ruling of the court thereon, which are necessary to raising that question in this court.

It therefore follows from what we have said, that the appellant not having a record of the rulings of the court complained of in the trial of said cause, that the judgment of the trial court must be affirmed.

*Judgment affirmed.*