City of West Frankfort, Appellee, v. Lizzie Pellegrene, Appellant.

1. APPEAL AND ERROR—*waiver of assignment of error by failure to urge.* Errors assigned but not argued or mentioned in the brief and argument must be considered as waived.

2. CRIMINAL PROCEDURE—*objection that evidence secured by illegal search.* On a prosecution for violation of a prohibition ordinance, objection to the admission of evidence on the ground that it was procured by means of an illegal search warrant must be raised by motion in the trial court before the trial.

3. APPEAL AND ERROR—*incorporation of motions and rulings thereon in bill of exceptions as essential.* Motions in a common-law action and the rulings thereon are not a part of the common-law record but must be preserved by bill of exceptions; the clerk's recital, in the transcript, of the motion, the court's ruling and the exception thereto are insufficient.

4. INTOXICATING LIQUOR—*proof that wine intoxicating not essential.* Under Cahill's St. ch. 43, ¶ 2, no proof that wine is intoxicating is necessary, and the courts will take judicial notice that it is intoxicating.

5. INTOXICATING LIQUOR—*possession of liquor without sale as offense.* The possession of intoxicating liquor without being authorized by law is an offense under the Prohibition Act, Cahill's St. ch. 43, and in a prosecution for violation of a prohibition ordinance proof of sale or of possession for the purpose of sale is not required.

6. INTOXICATING LIQUOR—*when evidence of intoxication properly excluded.* On a prosecution for violation of a prohibition ordinance it is not error to refuse to permit defendant to ask, on cross-examination, how many men the witness had seen go into defendant's house sober and come out drunk and if the witness had seen any do so before he had made the affidavit for the warrant on which defendant's house was searched.

Appeal by defendant from the City Court of West Frankfort; the Hon. JAMES P. MOONEYHAM, Judge, presiding. Heard in this court at the October term, 1925. Affirmed. Opinion filed February 19, 1927.

J. E. CARR and GEORGE SAWYER, for appellant.

HORATIO R. DIAL, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Defendant was charged with the violation of a prohibition ordinance, and there was a verdict of guilty. Some errors are assigned but not argued or mentioned in the brief and argument, and must be considered as waived. The main ground relied upon for a reversal seems to be that the evidence upon which she was convicted was procured by means of an illegal search warrant. That question must be raised before the trial, in the trial court, by a motion. *People v. Brocamp,* 307 Ill. 448. It is argued that such a motion was made and overruled and exception taken. Motions made by the parties in a proceeding at law, and the rulings of the court thereon, are not parts of the common-law record but must be preserved by bill of exceptions. *People v. Levin,* 318 Ill. 227; *People v. Weston,* 236 Ill. 104. It is not sufficient that the clerk, in writing up the transcript, recites the motion, the ruling of the court and an exception thereto. *People v. Faulkner,* 248 Ill. 158; *People v. Moritz,* 238 Ill. 494; *People v. Arnett,* 317 Ill. 425. If we had jurisdiction to determine the question sought to be presented it is not properly preserved and we are not at liberty to consider it.

It is argued that the evidence does not show that the liquor found in the possession of defendant was intoxicating or that it contained more than one-half of one per cent of alcohol by volume. Section 2 of the Illinois Prohibition Act [Cahill's St. ch. 43, ¶ 2] and

section 1 of the ordinance in question declare that wine is an intoxicating liquor without regard to the alcoholic content. She was charged in the complaint with possessing wine without having complied with the law. The courts take judicial notice that wine and whisky are intoxicating. *City of Kewanee v. Puskar,* 308 Ill. 167; 48 L. R. A. (N. S.) 305 note.

It is argued that there is no evidence that defendant sold any of the liquor or had it in her possession for the purpose of selling the same. The possession of intoxicating liquor without being authorized by law to possess the same is an offense under the Prohibition Act. *People v. Martin,* 314 Ill. 110-114. The complaint charges that she possessed intoxicating liquor without being authorized by law to possess the same. No suggestion or argument has been presented to the effect that the complaint was insufficient to charge a violation of the ordinance. It was not necessary that the evidence should show that she sold any of the liquor or that she had it in her possession for the purpose of selling it.

The witness McReynolds swore out the search warrant. It is argued that the court erred in refusing to allow defendant, on cross-examination, to ask him how many men he had seen go into her house sober and come out intoxicated, and if he could name any person who went in sober and came out drunk, before he made the affidavit. The court did not err in its rulings in that regard.

No reversible error having been pointed out, the judgment is affirmed.

*Affirmed.*